(No. 18574.—Judgment reversed.)
The DuQuoin Township High School District No. 100, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(John E. Mull, Defendant in Error.)

*Opinion filed April 21, 1928.*

1. Actions and defenses—*change in law affecting remedy applies to existing right of action.* Changes in laws of procedure do not impair the obligation of contracts, as the remedies which the law affords to enforce contracts constitute no part of the contracts themselves, and when a change merely affects the remedy or the law of procedure, all rights of action will be enforcible under the new procedure without regard to whether they accrued before or after the change and without regard to whether suit has been instituted or not, unless there is a saving clause as to existing legislation.

2. Workmen's compensation—*when the amendment of 1925 to section 24 of Compensation act bars claim for compensation.* Although the injury to a building contractor's employee was received prior to the amendment of 1925 to section 24 of the Compensation act, a claim against the owner of the building is barred under the proviso to said section if not presented within a year after the injury, even though a claim was first made against the employee's immediate employer, who agreed to pay compensation but paid nothing under the agreement, had no insurance and was later adjudicated a bankrupt.

Writ of Error to the Circuit Court of Perry county; the Hon. George A. Crow, Judge, presiding.

William E. Wheeler, and Martin F. Oehmke, (William C. Dunham, of counsel,) for plaintiff in error.

A. C. Lewis, (Williams & Lewis, of counsel,) for defendant in error.

Mr. Chief Justice Heard delivered the opinion of the court:

The Duquoin Township High School District No. 100 by leave of this court has sued out a writ of error to review a judgment of the circuit court of Perry county confirming an order of the Industrial Commission awarding John E. Mull $15 per week for a period of 1-4/7 weeks for temporary total incapacity and the sum of $15 per week for a period of 100 weeks for fifty per cent permanent and complete loss of use of the right arm, to be paid by plaintiff in error under the Workmen's Compensation act.

Plaintiff in error was engaged in the construction of an addition to its school building and entered into a contract with Ashby Snyder, an electrical contractor, for wiring the building. In carrying out this contract Snyder employed, among others, John E. Mull, and on or about January 30, 1924, while Mull was in the assembly hall on the second floor of the addition in the performance of his duties, he stepped into a hole left for a winding staircase and fell a distance of twenty-three feet, sustaining the injuries involved in this proceeding. He lost eighteen days' time by reason of the accident and thereafter returned to work at the high school building in Snyder's employ and continued to work there for several months. In January, 1925, he filed claim for compensation under the Compensation act with the Industrial Commission against Snyder. This application was dismissed and a settlement contract was entered into between Mull and Snyder on January 19, 1925, which contract was approved by the Industrial Commission. The district was not a party to this contract. Nothing was paid under the contract. Snyder carried no insurance and in May, 1925, was adjudicated a bankrupt. On July 29,

1925, Mull filed with the Industrial Commission his claim for compensation against plaintiff in error for the same injury, alleging that at the time of the accident he was working for plaintiff in error.

At the hearing before the arbitrator plaintiff in error limited its appearance and moved to dismiss on the ground of want of jurisdiction. Mull's attorney then stated that the action was brought under section 31 of the Workmen's Compensation act, but no motion was made to amend the application at that or at any other time. At the close of the evidence plaintiff in error moved to dismiss the case, stating ten grounds for the motion, one of which was, "that the petitioner failed to file the claim for compensation against the respondent within the statutory period of limitations."

Section 24 of the statute now in force provides as follows: *"Provided,* that in any case, unless written claim for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred." (Laws of 1925, p. 395.) This provision of the statute went into effect July 1, 1925. The statute in force at the time of the accident contained this provision in section 24: *"Provided,* that no employee who after the accident returns to the employment of the employer in whose services he was injured shall be barred for failure to make such claim if an application for adjustment of such claim is filed with the Industrial Commission within eighteen months after he returns to such employment." (Laws of 1921, p. 461.)

When a change of law merely affects the remedy or the law of procedure, all rights of action will be enforcible under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether suit has been instituted or not, unless there is a saving clause as to existing litigation. (*City of Chi-*

*cago* v. *Industrial Com.* 292 Ill. 409.) Changes in laws of procedure do not impair the obligation of contracts, as the remedies which the law affords to enforce contracts constitute no part of the contracts themselves. (*Smolen* v. *Industrial Com.* 324 Ill. 32.) Mull not having been paid compensation at any time by plaintiff in error, his right to file an application for such compensation against plaintiff in error was barred at the expiration of one year after the date of the injury, and the instant claim not having been filed within such time should have been dismissed by the arbitrator.

The judgment of the circuit court of Perry county is therefore reversed.

*Judgment reversed.*