(No. 18578.—)

THE CHICAGO BOARD OF UNDERWRITERS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ISABELLE BARNES, Defendant in Error.)

*Opinion filed December 20, 1928.*

HICKS & FOLONIE, for plaintiff in error.

JOHN A. BLOOMINGSTON, and JAMES A. TRACY, for defendant in error.

Mr. COMMISSIONER CROW reported this opinion:

This was a proceeding commenced before the Industrial Commission by Isabelle Barnes, widow of Earl R. Barnes, against the Chicago Board of Underwriters, to recover compensation under the Workmen's Compensation act for the death of her husband while in the course of his employment

as a patrolman of the fire patrol operated by plaintiff in error in the city of Chicago. The arbitrator designated by the Industrial Commission made an award in her favor for the sum of $15 per week for a period of 273 weeks and $5 for one week, which amounts, in the aggregate, to $4100, under paragraph (*a*) of section 7 of the Workmen's Compensation act. Upon petition for review the Industrial Commission, after hearing further evidence, confirmed the award of the arbitrator and ordered it to stand as the decision of the commission. Upon review on *certiorari* the circuit court of Cook county entered an order confirming the award of the commission. To review the order this court granted a writ of error.

Plaintiff in error is a corporation created by a private or special act of the legislature of Illinois, approved February 22, 1861. It does not engage in any business for pecuniary profit of the corporation or of its members. Section 4 of the act of incorporation provides: "The object of this corporation shall be to promote the best interests of all insurance companies transacting the business of marine, fire and life insurance in the State of Illinois." Section 8 provides: "Said corporation shall have no power or authority to do or carry on any business, excepting such as is hereinbefore mentioned in this act of incorporation, or such as is usual in boards or associations of underwriters." It operates a fire patrol in Chicago, known as the Fire Insurance Patrol. It is operated in pursuance of the authority conferred by an act of the General Assembly entitled, "An act to enable boards of underwriters incorporated by or under the laws of the State of Illinois to establish and maintain a fire patrol," approved March 28, 1874. (Cahill's Stat. 1927, chap. 142, pars. 1-4.) Decedent at the time of his death had been in the employ of plaintiff in error about twenty-one years. He was designated as a patrolman, and at the time of his death was connected with patrol No. 8, located at Irving Park boulevard and Ravenswood avenue.

He was killed Feruary 26, 1925, by falling through a "sliding-pole hole" in the floor of the premises occupied by patrol No. 8. His earnings for the year preceding the accident were about $2200, amounting to more than $28 per week. He left surviving him his widow and a son ten years of age.

It was admitted upon hearing before the arbitrator that the decedent came to his death as stated and that his earnings were as stated. It was also admitted that plaintiff in error had actual knowledge of the happening of the accident within thirty days after its occurrence but not admitted that due notice of the accident was given. It denied that demand or claim for compensation was made and denied that the parties were operating under or subject to the Workmen's Compensation act. It had nine patrol stations, from which it operated fourteen fire patrol trucks in going to fires, and employed in connection therewith about one hundred and fifty men. The accident occurred on February 26, 1925, and decedent died in the hospital the same day. The application for adjustment of claim was filed with the Industrial Commission on June 14, 1926, more than fifteen months after the date of the injury and death of Barnes. The hospital bill, $7.50, was paid by plaintiff in error on March 6, 1925, and the physician's bill, $25, was paid by it on May 5, 1925.

The only evidence that a demand or claim for compensation was made previous to the filing of the claim before the Industrial Commission is the testimony of the widow, who testified before the arbitrator, in answer to leading and suggestive questions, in substance, that a few days or about a week after the death of her husband she had a conversation with Frank Doherty, assistant chief of the fire patrol; that he came to her home and brought her an insurance policy of the Firemen's Mutual Aid and Benefit Association, of which the Fire Insurance Patrol was a member; that he mentioned compensation and said that they did not come

under it; that she mentioned it and asked him if they came under the Compensation act, and he said they did not, and that was all that was said. In answer to the question, "Well, did you ask him for compensation?" she answered, "Yes." Objections to this and other questions were overruled. On cross-examination she said she just asked him if they came under the Compensation act, and that her best recollection was that he said they did not come under it; that is all that was said, and she had not talked to him about it since. At the hearing on review she testified that Doherty told her she did not come under the Compensation act because she was paid a pension by the employer, and that she made a request to or demand from him; that she demanded compensation and said she expected compensation and understood they came under the act, and that she asked for compensation. Doherty testified before the arbitrator that he went to defendant in error's home by direction of his superior, the chief of the fire patrol, and brought her a policy of life insurance of the Firemen's Mutual Aid Association for $2000; that the subject of compensation was not mentioned in the conversation, and that there was nothing said about payment of compensation or whether the petitioner came under the act; that if anything had been said on the subject he would remember it. At the hearing on review he testified that he recalled the occasion when he went to Mrs. Barnes' home with the insurance policy; that the subject of compensation was not mentioned in the conversation he had with her; that she did not tell him that she expected compensation or that she wanted compensation; that she did not ask him for compensation; that no such conversation took place. There is no other evidence upon the subject of claim for compensation having been made nor any other evidence of notice of the accident having been given.

Plaintiff in error pays pensions to its retired patrolmen of the fire patrol and to widows and children of deceased patrolmen in pursuance of an act of the General Assembly

in force July 1, 1895. (Cahill's Stat. 1927, chap. 142, pars. 5-16.) It has been paying pensions to retired employees of the Fire Insurance Patrol, and to the widows and children of deceased employees, since the passage of the act. The department was organized shortly after it was passed, and the fund is controlled by a board of trustees in accordance with its provisions. Mrs. Barnes has been paid a pension of $30 per monh since the death of her husband.

It is contended by plaintiff in error that written claim for compensation was not filed with the Industrial Commission within the time required by the Compensation act, and therefore the commission was without jurisdiction to make the award. The accident and death occurred on February 26, 1925. The application to the commission for adjustment of the claim was filed June 14, 1926, more than fifteen months after the injury and death. Section 24 of the Compensation act was amended, effective July 1, 1925, providing that unless written claim for compensation is filed with the Industrial Commission within one year after the date of the injury or within six months after the date of the last payment of compensation, the right to file such application shall be barred. Defendant in error contends that the limitation clause of section 24 is not effective against her claim because the right to compensation is a vested right and can not be affected by subsequent legislation. Statutes of limitation relate to the remedy and not the right. They are statutes of repose, designed to accelerate the settlement of controversies, and are therefore favored.

The contention of defendant in error with regard to the question of limitation has been answered adversely to her by this court in a number of cases. Among others are *Smolen* v. *Industrial Com.* 324 Ill. 32, *Superior Coal Co.* v. *Industrial Com.* 321 id. 240, *Otis Elevator Co.* v. *Industrial Com.* 302 id. 90, *City of Chicago* v. *Industrial Com.* 292 id. 409, and *Arnold & Murdock Co.* v. *Industrial Com.* 314 id. 251. In each of those cases the principle governing the ap-

plication of the statute as amended was examined on principle and authority. Nothing can be added by way of re-enforcement of the reason for the application of the bar to this case. Defendant in error had time from February 26, 1925, within which to begin the proceeding to enforce her claim. It is apparent that shortening of time within which to begin it did not prejudice her right. She and her counsel are charged with knowledge of the law and of its statutory changes, and as matter of public policy will not be heard to say they did not know of the change in the limitation. They do not say so. The payments of the physician's bill and the hospital bill did not stay the running of the statute, because the application for adjustment of the claim was not filed with the commission within six months after the date of the last payment, if it was made as compensation. The record shows the payments were not so made and that plaintiff in error persistently disclaimed being under the act. Having denied liability and denied that it was subject to the provisions of the act the payments do not extend the time for making claim. (*Ohio Oil Co.* v. *Industrial Com.* 293 Ill. 461; *Yellow Cab Co.* v. *Industrial Com.* 315 id. 235.) The right to compensation, if it existed, was barred by the statute, and the circuit court should have set aside the order of the commission.

Other questions affecting the right to compensation are presented by the record and argued by counsel for both parties. They are not examined for the reason, only, that their consideration is not necessary to a disposition of the case.

The judgment of the circuit court approving the order of the Industrial Commission is reversed and the award is set aside.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed and award set aside.*