(No. 1873—)

LEWIS A. LUSH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*

LEWIS A. LUSH, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On the 18th day of December, 1930, claimant was employed by the Division of Highways, Department of Public Works and Buildings, as its District Construction Engineer for the Sixth District, with headquarters in Springfield. On that date he was struck by an automobile while in the performance of his duties and sustained accidental injuries which arose out of and in the course of his employment. He incurred hospital and doctor bills to the extent of Sixty Dollars ($60.00) as the result of such injuries, and asks to be reimbursed for that amount.

Claimant's sole right of recovery is under paragraph Six (6) of Section Six (6) of an Act entitled "An Act to Create the Court of Claims and to Prescribe its Powers and Duties", which provides that the Court of Claims shall have power "To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employe of the State, such determination

to be made in accordance with the rules prescribed in the Act commonly called 'The Workmen's Compensation Act', the Industrial Commission being hereby relieved of any duty relative thereto.''

The effect of this enactment was considered in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, and this court there held that as the result of such enactment, the terms and provisions of the Workmen's Compensation Act, so far as they may be applicable, must be considered by this court the same as though they were incorporated bodily into the Court of Claims Act.

Under the provisions of Section 24 of the Workmen's Compensation Act, the application for compensation must be made within one year after the date of the injury or the last payment of compensation. This requirement has been held in numerous cases to be a condition precedent to the right to recover. (*Crabtree* vs. *State of Illinois,* 7 C. C. R. 207; *DuQuoin School District* vs. *Ind. Com.,* 329 Ill. 543; *Chicago Board of Underwriters* vs. *Ind. Com.,* 332 Ill. 611.)

The injury in this case was sustained on the 18th day of December, 1930, and the application for compensation was filed herein on the 22d day of January, A. D. 1932. No compensation was ever paid and award must therefore be denied.

IT IS THEREFORE ORDERED that the claim be disallowed and the case dismissed.