(No. 1901—

LESTER WOLFE, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed December 11, 1934.

MILO D. YELVINGTON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant's amended complaint avers that "on, to-wit: the first part of the month of May, A. D. 1931" he was employed by the respondent as a common laborer on S. B. I. Route No. 33; that on the aforesaid date while he was engaged in the performance of the duties of his employment, at a point about four miles west of the village of Dieterich in Effingham County, he was injured by accidentally coming in contact with the end of a long-handled shovel, thereby bruising the right side of his abdomen and causing himself great pain and suffering; that notice of the accident was given on the date of the injury; that on the 20th day of July, A. D. 1931, claimant first became aware of the fact that the injuries so sustained by him in the early part of May as aforesaid resulted in a hernia; that on said 20th day of July, A. D. 1931 he notified the respondent of such fact and on the 23rd day of July was operated for such hernia; that he thereby incurred doctor and hospital bills in the amount of $159.30; and that claim for compensation was made on November 20, 1931.

It is admitted that both employer and employee at the time of the accident were operating under the provisions of the Workmen's Compensation Act, and that the injuries arose out of and in the course of claimant's employment.

Claimant's original complaint was filed herein on May 5, 1932, in which he seeks to recover compensation for temporary total disability from July 20, 1931 to the date of the filing of such complaint, and in addition thereto the sum of $159.30 for medical, surgical and hospital services claimed to have been incurred by him.

The Attorney General contends that the case must be dismissed for the reason that claim for compensation was not made and application for compensation was not filed in this court within the time required by Section 24 of the Workmen's Compensation Act.

Claimant contends that at the time of the accident in question he was a minor and that he did not arrive at the age of his legal majority until the 15th day of June, A. D. 1932, and that therefore the limitations imposed by Section 24 of the Workmen's Compensation Act did not apply to him until after he became twenty-one years of age, and cites in

support of his position the case of *Walgreen Co.* vs. *Ind. Com.*, 323 Ill. 194. That case involved an accident which occurred on May 27, 1920, and was based upon the provisions of Paragraph H of Section 8 of the Workmen's Compensation Act of 1919, which provided in part as follows:

"In case an injured employee shall be *incompetent* at the time when any right or privilege accrues to him under the provisions of this Act, a conservator or guardian may be appointed, pursuant to law, and may, on behalf of such *incompetent*, claim and exercise any such right or privilege with the same force and effect as if the employee himself had been competent and had claimed or exercised said right or privilege; *and no limitation of time by this Act provided shall run so long as said incompetent employee is without a conservator or a guardian.*"

However, in 1925 Paragraph H of Section 8 was amended so as to read as follows:

"* * * * * * In case an injured employee shall be *mentally incompetent* at the time when any right or privilege accrues to him under the provisions of this Act, a conservator or guardian may be appointed pursuant to law, and may, on behalf of such *mentally incompetent*, claim and exercise any such right or privilege with the same force and effect as if the employee himself had been *mentally competent* and had claimed or exercised said right of privilege; *and no limitations of time by this Act provided shall run so long as said mentally incompetent employee is without a conservator or guardian.*"

Under the provisions of the Compensation Act of 1919, the exception applied to an "incompetent person". Under the Act of 1925 the exception applies only to a "mentally incompetent person".

No claim is made that the claimant was not mentally competent at the time of the accident in question or thereafter, and consequently the law as laid down in the Walgreen case has no application to this case.

The complaint avers and the proof shows that the accident in question occurred about the "fore part of May, 1931". The original declaration was filed herein on May 5, 1932. A compliance with the requirements of Section 24 of the Act is jurisdictional and is a condition precedent to the right to maintain a proceeding under the compensation Act. *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386; *Chicago Board of Underwriters* vs. *Ind. Com.*, 332 Ill. 511; *Duquoin School District* vs. *Ind. Com.*, 329 Ill. 543; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262.

Compliance with the requirements of Section 24 being a condition precedent to the right of the claimant to maintain this proceeding, it is necessary for him to make proof of facts showing such compliance. This he has failed to do and this court is therefore without jurisdiction to allow him compensation for the injuries so sustained by him as aforesaid.

Under Paragraph A of Section 8 of the Compensation Act, the employer is required to furnish "the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury."

Prior to 1925 the furnishing of medical services was held to constitute a payment of compensation. By the 1925 amendment of such section, however, it was provided that "the furnishing by the employer of any such services or appliances shall not be construed to admit liability on the part of the employer to pay compensation, and the furnishing of any such services or appliances by the employer shall not be construed as the payment of compensation."

Consequently, under the provisions of Section 8a as it now exists, the furnishing of medical, surgical and hospital services is not a part of the *compensation* to which the employee is entitled, although the employer is still required to furnish the same.

Although the question is not free from doubt, yet considering the fact that the Supreme Court has frequently held that the Compensation Act is remedial legislation and is to be liberally construed in order to give effect to the purpose and object of its adoption, (*Faber* vs. *Ind. Com.,* 352 Ill. 115; *Chicago Cleaning Co.* vs. *Ind. Board,* 283 Ill. 177) we feel that in cases such as this, where the evidence discloses that the relation of employer and employee exists; that the employee has sustained an accidental injury which arose out of and in the course of his employment; and that notice of the accident has been given as required by law;—the employer is required after notice as aforesaid, to provide first aid medical, surgical and hospital services;—and if, after notice of the accident is given as aforesaid, the employer fails or refuses to furnish such services, then the employee may obtain the same at the expense of the employer, even though such employee may be thereafter barred from maintaining

his claim for compensation by reason of his failure to comply with the requirements of Section 24 of the Act as to making claim for compensation and filing application therefor.

We hold, therefore, that under the facts in evidence the claimant is entitled to an award for the amount paid by him for medical, surgical and hospital services as shown by the evidence, to-wit, the sum of One Hundred Fifty-eight Dollars and Seventy Cents ($158.70).

Award is therefore entered in favor of the claimant, Lester Wolfe, for the sum of One Hundred Fifty-eight Dollars and Seventy Cents ($158.70).