(No. 2493—▮▮▮▮)

JAMES M. PURCELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1936.*

McFARLAND, MORGAN & McFARLAND, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on April 20th, 1932 claimant was employed by the respondent as an attendant in the psychiatric ward of the Research and Educational Hospital located at 1819 West Polk Street, Chicago, Illinois.

On the last mentioned date, while in the performance of his duties, and while standing on a chair for the purpose of closing and sealing a transom in the fumigating clothes room, claimant slipped and fell, and thereby sustained a fracture of the upper end of the right humerus.

Claimant was treated at the hospital for four days and then went to his home, where he remained until June 29th, 1932, at which time he returned to his former employment.

On August 27th, 1934 claimant filed his complaint herein, in which he seeks to recover compensation for the injuries so sustained by him as aforesaid.

The Attorney General contends that the claim should be dismissed for the reason that claim for compensation was not made within six months after the accident, and application for compensation was not filed within one year after the date of the injury, or within one year after the date of the last payment of compensation.

If claimant has any right to an award, it is by virtue of the terms and provisions of the Workmen's Compensation Act of this State, and in order to be entitled to an award, he must bring himself within the provisions of such Act.

The record clearly shows that claim for compensation was not made and application for compensation was not filed within the time required by the Compensation Act. Our Supreme Court has held in numerous cases that the making of claim for compensation and the filing of application therefor within the time required by the Workmen's Compensation Act is jurisdictional. *Haiselden* vs. *Ind. Com.*, 275 Ill. 114; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Chicago Board of Underwriters* vs. *Ind. Com.*, 322 Ill. 511; *Duquoin School District* vs. *Ind. Com.*, 329 Ill. 543; *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386.

Under the facts appearing in the record we have no authority to allow an award, and the case is therefore dismissed.