(No. 2907—▉▉▉▉▉▉)

DONALD K. SIMPSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1936.*

ELLIS & HAMILTON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 10th day of May, A. D. 1935 claimant was in the employ of the respondent as an assistant recreational supervisor at St. Charles School for Boys at St. Charles, Illinois. On the last mentioned date, while in the

course of his employment, claimant was assaulted with a shovel by two inmates who were then and there in his charge, and who were attempting to escape from such institution.

Claimant filed his complaint herein on May 21st, 1936, in which he alleges that he sustained serious and permanent injuries as the result of the aforementioned assault upon him, and in which he asks for an · award in the sum of $10,000.00 as compensation for such injuries.

The Attorney General has moved to dismiss the case for the reason that no claim for compensation was made within six months after the accident and no application for compensation was filed within one year after the date of the injury or within one year after the date of the last payment of compensation, as required by Section 24 of the Workmen's Compensation Act.

Claimant in his reply brief states that it was not his purpose or intention to apply for compensation under the Compensation Act, and states that he relies for his recovery on Paragraph four of Section six of the Court of Claims Act, which provides that this court is authorized "to hear and determine all claims and demands, legal and equitable, liquidated or unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth should, in equity and good conscience, discharge and pay."

The meaning and effect of this provision of the Court of Claims Act was considered in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, where this court, after an exhaustive review of the previous cases on the subject, said (p. 221):

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: "to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto,* which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay"; merely defines the jurisdiction of the court, and does not create a new liability against the State nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award."

The law as laid down in the Crabtree case has been followed by this court in numerous cases decided since that time.

It therefore becomes necessary for the claimant to bring himself within the provisions of a law giving him the right to an award, before we are authorized to allow such award.

In the conduct and maintenance of its penal institutions the State is engaged in a governmental function. It is a well settled rule of law that the State in the exercise of its governmental functions is not liable for the negligence of its servants or agents in the absence of a statute making it so liable.

> *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148.
> *City of Chicago* vs. *Williams,* 182 Ill. 135.
> *Minear* vs. *State Board of Agriculture,* 259 Ill. 549.
> *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.
> 25 R. C. L. p. 407, Sec. 43.

This rule has been applied by this court in numerous cases.

> *Peterson* vs. *State,* 6 C. C. R. 77.
> *Perry* vs. *State,* 6 C. C. R. 81.
> *Braun* vs. *State,* 6 C. C. R. 104.
> *Chumbler* vs. *State,* 6 C. C. R. 138.
> *Crabtree* vs. *State,* 7 C. C. R. 207.
> *Bucholz* vs. *State,* 7 C. C. R. 241.
> *Morrissey* vs. *State,* 8 C. C. R. 40.
> *Baumgart* vs. *State,* 8 C. C. R. 220.
> *Pelli* vs. *State,* 8 C. C. R. 324.
> *Ryan* vs. *State,* 8 C. C. R. 361.
> *Rheman* vs. *State,* 8 C. C. R. 556.

Consequently, there is no liability on the part of the State in this case in the absence of a statute making it so liable. The only statute imposing a liability for injuries to State employees is the Workmen's Compensation Act of this State. However, even if the claimant based his right to recover on the provisions of the Workmen's Compensation Act, he still would not be entitled to recover under the allegations of his complaint, for the reason that the complaint on its face shows that no claim for compensation was made within six months after the accident; that no compensation was paid to the claimant, and that application for compensation was not filed

within one year after the date of the injury, as required by Section 24 of the Workmen's Compensation Act.

Compliance with the aforementioned requirements of the Workmen's Compensation Act is jurisdictional, and is a condition precedent to a right to maintain an action under the Workmen's Compensation Act.

> *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43.
>
> *DuQuoin School District* vs. *Ind. Com.*, 329 Ill. 543.
>
> *Chicago Board of Underwriters* vs. *Ind. Com.*, 332 Ill. 511.
>
> *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386.

This court, therefore, has no authority to allow an award, and the motion of the Attorney General must be sustained.

Motion sustained. Case dismissed.