(No. 2579—

ALBERT W. YOUNG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 15, 1937.*

A. W. SCHIMMEL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant has prepared a declaration at common law, and alleges damages in the sum of $10,000.00. If there is any liability at all, it is under the Workmen's Compensation Act of this State.

The facts are that claimant was seriously injured on November 5, 1932, while in the employ of the State of Illinois as a maintenance man on Illinois State Route 36. Claimant was engaged in scattering sand over tar which had been poured in the cracks and crevices by another employee of the respondent, on a concrete highway, when he was struck by an automobile driven by one Merritt Bush Kaylor, with such force and violence that it is claimed he was injured externally and internally. He sustained a compound fracture of a limb and broken ribs, and injuries to his hip and spinal region; also a rupture and other bruises, and contusions both externally and internally.

We have elected to treat the complaint in this case as a petition under the Workmen's Compensation law. The claimant avers that he filed a suit at common law against Merritt Bush Kaylor in the Circuit Court of Pike County, Illinois, on March 15, 1934, to recover damages for wrongful injuries. The case was tried before a jury at the April Term thereof, 1934, and the jury found the defendant not guilty. It is averred that the claimant has received no money from the State of Illinois, or from Merritt Bush Kaylor since the date of the injury.

This action was not commenced in this court until January 17, 1935. Paragraph 6 of Section 6 of the Court of Claims Act provides as follows:

"Section 6. The Court of Claims shall have power:

"(6) To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duty relative thereto."

We must, therefore, consider Section 24 of the Compensation Act, and this section provides that no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, "provided, that in any case, unless application for compensation is filed with the industrial commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

It is conceded that claimant received no compensation.

In the case of *Circular Advertising Service, Inc.* vs. *Industrial Commission,* 332 Ill. 156, our Supreme Court held:

"Where the record is barren of any showing that any claim for compensation was made by the injured employee or that any compensation was paid or medical services furnished an award of compensation cannot be sustained, as section 24 of the Compensation Act requires such claim to be made within six months after the accident or after payments have ceased, before the proceeding for compensation can be maintained."

To the same effect is the case of *The Chicago Board of Underwriters* vs. *The Industrial Commission*, 332 Ill. 611.

In the case of *The City of Rochelle* vs. *Industrial Commission*, 332 Ill. 386, the court held:

"The making of a claim for compensation as provided in Section 24 of the compensation Act is jurisdictional and a condition precedent to the right to maintain proceedings under the Act, and whether a claim for compensation has been made is a question of fact, to be determined as any other similar question."

Again, in *Lewis* vs. *Industrial Commission*, 357 Ill. 309, it was held that:

"The making of a claim for compensation within the statutory period is jurisdictional and a condition precedent to the right to maintain a proceeding under the Compensation Act."

Under the authorities herein cited, this court has no jurisdiction in this cause, and an award is accordingly denied.