(No. 2982— )

JENNIE C. HOLDERBY, MOTHER OF JOSEPH C. HOLDERBY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1937.*

CROW & LOEFF, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint herein alleges that prior to and on the 21st day of May, 1935, Joseph C. Holderby was in the employ of the respondent as a member of the Illinois State Highway Police; that on said date he sustained accidental injuries which arose out of and in the course of his employment, and which resulted in the death of said Joseph C. Holderby on the 17th day of September, A. D. 1935; that the claimant is the mother of said decedent; that she was solely dependent upon him for her support;—and asks for compensation under the provisions of the Workmen's Compensation Act of this State.

The Attorney General has moved to dismiss the case on the ground that it does not appear that claim for compensation was made within six months after the accident, nor does it appear that application for compensation was filed within one year after the date of the injury, or within one year after the date of the last payment of compensation, as required by Section 24 of the Compensation Act.

For the purposes of this motion, the allegations of fact as set forth in the complaint must be taken as true.

From such complaint it appears that claimant's intestate was injured on May 21st, 1935, and that he died on September 17th, 1935. The complaint herein was filed September 16th, 1936.

Section 24 of the Workmen's Compensation Act provides as follows:

"No proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the injury, or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

The complaint alleges that notice of the accident was given immediately, but it is not alleged in the complaint, nor is it contended by the claimant, that any claim for compensation was made by or on behalf of the claimant's intestate or by or on behalf of the claimant, at any time prior to the filing of the complaint herein, to wit, September 16th, 1936.

It is contended on behalf of the claimant that the claim for compensation required by Section 24 is required only in cases of "injuries" which do not result in death, and that claim for compensation is not required in cases where such injuries result in death.

Claimant also contends that her right to compensation did not accrue to her until the death of said Joseph C. Holderby on September 17th, 1935, and that therefore she had one year from that date in which to file her application for compensation, and that she was not required to file the same within one year after the date of the injury.

. We cannot agree with such construction of the statutory provisions. Claim for compensation is required not only for the protection of the employee, but also in order that the employer may have an opportunity to investigate the case. In considering this question, Angerstein in "The Employer and the Workmen's Compensation Act of Illinois," page 906, says:

"From the standpoint of the employer prompt claim should be made so that he will know whether compensation is claimed, may promptly determine if it is a meritorious case, and so that he may pay compensation if the case is meritorious, or prepare to protect his interests if it is not."

The question as to the proper construction of the provisions of Section 24 was before our Supreme Court in the case of *Central Car Works* vs. *Ind. Com.*, 290 Ill. 436, and the court there said, page 439:

"The statute of this State refers to the accident as fixing the date from which the time shall run. Even if the injury may be regarded as occurring only after the effects of the accident have become apparent, we would not be justified, where the express language of the statute requires the claim to be made within six months after the accident, in extending the time to await the development of the injury. The legislature has seen fit to fix the time for making claim for compensation at six months after the accident. By another section of the statute provision is made for reviewing the award and for re-establishing, increasing, diminishing or ending the compensation if the disability of the employee shall have recurred, increased, diminished or ended. These provisions are within the domain of legislative power and the court is without authority to modify them. If they operate unjustly the remedy is in the amendment of the law."

Our Supreme Court has held in numerous cases that the making of claim for compensation within the time required by the statute is jurisdictional, and is a condition precedent to the right to maintain a proceeding under the Compensation Act. *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386; *Inland Rub-*

*ber Co.* vs. *Ind. Com.,* 309 Ill. 43; *Bushnell* vs. *Ind. Com.,* 276 Ill. 262; *Haiselden* vs. *Ind. Board,* 275 Ill. 114.

Such court has also held that where application for compensation is not filed within one year after the date of the injury, or within one year after the date of the last payment of compensation, the claim is absolutely barred. *DuQuoin School District* vs. *Ind. Com.,* 329 Ill. 543; *Chicago Board of Underwriters* vs. *Ind. Com.,* 322 Ill. 511.

The law as thus laid down has been applied in numerous cases decided by this court.

Claimant's intestate was injured on May 21st, 1935 and died on September 17th, 1935, and therefore had nearly four months in which to make claim for compensation for the injuries so sustained by him, and to file application therefor, had he desired to do so. On the other hand, claimant also had ample time to comply with the requirements of Section 24, to wit, over two months, to make claim for compensation, and over eight months to file application for compensation.

Claimant having failed to comply with the requirements of the statute, we have no authority to allow an award, and the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.