(No. 3090— ▮▮▮▮▮▮▮)

BENTON DENHAM, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1938.*

WIRT HERRICK, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on October 29th, 1934 the claimant was in the employ of respondent as a patrolman's helper in the Department of Public Works and Buildings, Division of Highways. On the last mentioned date, while engaged in driving a truck in the course of his employment, at a point about three and one-half miles east of Tuscola, the steering mechanism became defective, the truck skidded and overturned, and claimant was severely injured. No formal notice of the injury was given to the respondent, but claimant's superior officer had knowledge of the injury within twenty-four hours thereafter.

Claimant is a married man and had one child under the age of sixteen years at the time of the accident. His annual earnings computed in accordance with the provisions of Paragraph E of Section 10 of the Workmen's Compensation Act, were Six Hundred Forty Dollars ($640.00). Respondent paid the claimant the sum of Thirty-three Dollars ($33.00) per week for eight (8) weeks after the date of the injury, and

also paid medical, surgical and hospital bills in the total amount of Four Hundred Sixty-two Dollars and Thirty Cents ($462.30).

The Attorney General has moved to dismiss the case for the reason that application for compensation was not filed within one year after the date of the injury, or within one year after the date of the last payment of compensation, as required by Section 24 of the Workmen's Compensation Act of this State.

Claimant has consented to a consideration of the claim upon the facts set out in the report made by M. K. Lingle, Engineer of Claims of the Division of Highways.

Such report shows that claimant was injured on October 29th, 1934; that he was paid compensation for approximately two months after the accident; that the last medical treatment he received was on March 1st, 1935; that application for compensation was filed herein on April 28th, 1937, to-wit, more than two years after the last payment of compensation.

Section 24 of the Workmen's Compensation Act provides that "unless application for compensation is filed with the Industrial Commission within one year after the date of the injury, or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

The Supreme Court of this State has repeatedly held that compliance with the foregoing provision is jurisdictional. *Haiselden* vs. *Ind. Com.*, 275 Ill. 114; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Duquoin School District* vs. *Ind. Com.*, 329 Ill. 543; *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386.

Claimant in his complaint also asks for an award in the amount of One Hundred Ninety-five Dollars and Fifty Cents ($195.50) for medical services incurred by him, for which services payment has not yet been made. Under the facts set forth in the aforementioned report of Mr. M. K. Lingle, we are not justified in allowing an award for such medical services. However, if any medical or surgical services were rendered to the claimant under circumstances which would entitle the person rendering such services to an award therefor under the provisions of the Workmen's Compensation

Act, the persons rendering such services may file their individual claims in this court therefor.

Under the law as above set forth, the motion of the Attorney General to dismiss must be sustained.

Motion to dismiss allowed. Case dismissed.