(No. 2790—

RÒBERT L. SPALDING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 16, 1938.*

HOGAN & COALE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 19th day of November, A. D. 1934, claimant was in the employ of the respondent, and was engaged in setting out trees along S. B. I. Route No. 48 in Christian County. On the last mentioned date, he sustained accidental injuries to his back, which arose out of and in the course of his employment, as a result of which he was temporarily totally disabled from the date of the injury as aforesaid, to January 11th, 1935, on which date he resumed his previous employment. There was no permanent injury. Notice of the accident was given and claim for compensation on account thereof was made within the time required by Section 24 of the Workmen's Compensation Act, but no compensation was paid to claimant, and no application for com-

pensation was filed by him in this court until January 6, 1936.

Section 24 of the Compensation Act provides that ''unless application for compensation is filed with the Industrial Commission within one year after the date of the injury, or within one year after the date of the last payment of compensation, the right to file such application shall be barred.''

Our Supreme Court has repeatedly held that this provision is jurisdictional, and is a pre-requisite to the right to recover. *DuQuoin School District* vs. *Ind. Com.*, 329 Ill. 543; *Chicago Board of Underwriters* vs. *Ind. Com.*, 332 Ill. 611; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43.

The rule thus laid down has been followed by this court in numerous cases. *Crabtree* vs. *State*, 7 C. C. R. 207; *Dahler* vs. *State*, 8 C. C. R. 23; *Duke* vs. *State*, 8 C. C. R. 225; *Wolfe* vs. *State*, 8 C. C. R. 333.

Under the rule as above set forth, claimant is barred from recovering compensation for the injuries so sustained by him.

We have heretofore held that while the furnishing of medical and hospital services by an employer is provided for by the Workmen's Compensation Act, such services are not considered a part of the compensation to which the employee is entitled under such Act, and that therefore the time within which a claim for medical and hospital services may be filed, is not governed by Section 24 of the Compensation Act. *Wolfe* vs. *State*, 8 C. C. R. 333; *Elmendorf* vs. *State*, 8 C. C. R. 548; *Taden* vs. *State*, 9 C. C. R. 254.

The evidence discloses that claimant was attended by Dr. W. A. Monoghan from the date of his injury to January 10, 1935; that such services were reasonably worth $22.50; and that the doctor has not yet been paid for such services.

Award is therefore entered in favor of the claimant, Robert L. Spalding, for the use of Dr. W. A. Monoghan, for the sum of Twenty-two Dollars and Fifty Cents ($22.50).

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3d, 1937 (Session Laws 1937, p. 83) and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.