(No. 3113—

J. Burrell Davenport, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 9, 1940.*

Frank M. Ramey, for claimant.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

On August 14, 1937, claimant filed his complaint in this court alleging that on March 26, 1933, the claimant was in the employ of the State of Illinois as a State Highway Patrolman or as a Highway Maintenance Policeman of the Division of Highways, Department of Public Works and Buildings of the State; that on said date, while in the course of his employment in the City of Hillsboro, on Route 16, and while taking an injured person to a hospital at Hillsboro, and driving through the traffic, both bones in his right leg were broken in an accident, and claimant was thereby hindered and prevented from attending to and transacting his duties; that his leg never fully recovered; that he now suffers a permanent injury to this leg, and that he is in great pain and suffering.

That at the time of the accident, claimant was receiving One Hundred Fifty Dollars ($150.00) per month for services as such Highway Patrolman; that he was paid a salary up to and including June 15, 1933; that the respondent has paid the sum of One Hundred Fifteen Dollars and Twenty-five Cents ($115.25) to the Hillsboro Hospital on account of services rendered to the claimant, and the respondent has also paid the sum of One Hundred Fifty Dollars ($150.00) an account of doctor and medical bills rendered on account of said injury. Claimant alleges that there is now due from the respondent to claimant the sum of Fifteen Dollars ($15.00) per week from June 15, 1933 to December 22, 1933, being twenty-seven weeks, amounting to the sum of Four Hundred and Five Dol-

lars ($405.00) as computed according to the provisions of the Workman's Compensation Act of the State of Illinois and according to Section 6 of the Court of Claims Act of the State of Illinois; that there is also due from respondent to claimant, compensation for permanent disability on account of the injury to his right leg; that no claim has been presented to any State Department of the State of Illinois, or to any State Officer of the State of Illinois. A Bill of Particulars was attached to the complaint, making the same claim.

The Attorney General filed a motion to dismiss and as one of the grounds stated that the application for compensation was not filed within one year after the date of the injury or within one year after the date of the last payment of compensation, as provided by Section 24 of the Illinois Workmen's Compensation Act and Section 6, subsection 6 of the Court of Claims Act.

Counsel for claimant argues that he is not limited to one year in which to file this claim, but that the statute of limitations in this kind of a case is five years. Among other things, counsel argues that Section 10 of the Court of Claims Act provides for a limitation of five years and that this is controlling.

If the claimant in this case has any claim at all, it is under the Workmen's Compensation Act.

Section 6 of the Court of Claims Act gives the court the power to hear and determine the liability of the State for accidental injuries or death suffered by any employee of the State, etc., in accordance with the rules of the Workmen's Compensation Act. Here is a statutory direction to determine this case in accordance with the rules of the Workmen's Compensation Act.

Section 24 of the Workmen's Compensation Act provides that an employee has only one year to file a claim after the receipt of the last payment of compensation. This is jurisdictional. See *Crabtree* vs. *State of Illinois,* 7 C. C. R. 207; *DuQuoin School District* vs. *Ind. Com.,* 329 Ill. 543; *Chicago Board of Underwriters* vs. *Ind. Com.,* 332 Ill. 611.

This claim was not filed for more than four years after the accident. It is averred that he was paid, apparently for unproductive labor, up to June 15, 1933. Holding this to be a payment under the Compensation Act, much more than a year elapsed between then and the date of filing this claim, which was August 14, 1937.

178

The motion of the Attorney General must be sustained and the claim dismissed.