BENJAMIN P. MUCHMORE *et al.,* Appellants, *v.* GEORGE W. JEFFERS, Appellee.

### APPEAL FROM CRAWFORD.

A witness, whose interest is equally balanced between the parties to a suit, is competent; and if his interest preponderates in favor of one party, then the other party may, if he chooses, waive his interest and call him.

THIS was an action commenced by the appellee against the appellants before a justice of the peace. Judgment was rendered by the justice in favor of the appellants for costs of suit. Appellee appealed to the Circuit Court of Crawford county. Cause came on for trial at the April term, 1860, before KITCHELL, Judge, and a jury, and judgment was rendered for appellee.

The only question which arises here is, as to the competency of a witness, and the circumstances are sufficiently stated in the opinion.

JOHN SCHOLFIELD, for Appellants.

H. P. H. BROMWELL, and E. CALLAHAN, for Appellee.

WALKER, J. We only propose to examine the question whether McDowell was a competent witness on the trial below. On his *voir dire*, he testified " that if judgment was rendered against the defendants in this suit, and they came up to their contract, he expected to be liable to them for the value of the hogs in controversy, and if the plaintiff failed in this suit, he expected to be liable to him for the value of the hogs in controversy." The court held the witness to be disqualified, and refused to permit him to testify, and the appellants, who offered his evidence, excepted.

The witness testifies, that if the appellants succeed in the suit, he will be liable to the appellee, and if the appellee recovers, then he will be liable to appellants if they shall perform their contract. If his interest is not balanced, it preponderates in favor of the appellee. If there is any difference, it was his interest that appellee should recover. And if this be true, appellants had the right to call the witness, and waive an interest which was adverse to them. If appellee recovered, his liability to the appellants was contingent upon their performing their contract, but on the contrary if appellants recovered, his liability to appellee was immediate and unconditional. Or if his interest may be regarded as equally balanced, and his liability to either party, depending upon the recovery of the one, or

the other, then he was competent. In either event we think he was a competent witness for appellants.

The court erred in rejecting him as a witness, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*