THOMAS SMOLEN, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE WESTERN STEEL CAR AND FOUNDRY COMPANY, Plaintiff in Error.)

*Opinion filed December 23, 1926.*

1. WORKMEN'S COMPENSATION—*when prior award may be reviewed under paragraph (f) of section 8, as amended in 1921.* An award for total disability, made prior to the amendment of 1921 to paragraph (f) of section 8 of the Compensation act, giving an additional review where the employee returns to work, may be reviewed under said amendment where the amendment took effect before the time allowed for review under paragraph (h) of section 19 had expired, as the amendment merely affects the remedy or procedure and does not deprive the employee of any vested right. (*Arnold & Murdock Co.* v. *Industrial Com.* 314 Ill. 251, and *Superior Coal Co.* v. *Industrial Com.* 321 id. 240, explained.)

2. STATUTES—*beneficial statute may be changed or abrogated if not in nature of a contract or grant.* While the legislature has no authority to pass a law impairing the obligation of a contract or depriving a citizen of property or any vested right, there is no

:

vested right in a public law which is not in the nature of a grant, and however beneficial a statute may be to a particular person or class of persons or however injuriously they may be affected by its repeal, the legislature has the right to abrogate all legislative acts which are not in the nature of contracts or private grants.

3. SAME—*change in remedy or procedure does not affect obligation of contracts.* Changes in limitation laws or laws of procedure do not impair the obligation of contracts, as the remedies which the law affords to enforce contracts constitute no part of the contracts themselves, and all rights of action must be enforced in accordance with the new procedure, without regard to whether they accrue before or after the change in the law.

FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and CLAUD D. RABER, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Industrial Commission made an award for total permanent incapacity for work under the Workmen's Compensation act on April 8, 1921, in favor of Thomas Smolen against the Western Steel Car and Foundry Company, his employer, for $3500, payable in weekly installments, and for a pension, after the time of payment of the installments had expired, of $23.33 a month for the remainder of his life. All the installments accruing until July 15, 1925, amounting to $2975.44, were paid. On April 6, 1925, the employer presented a petition under paragraph (*f*) of section 8 of the Workmen's Compensation act, representing that about August 1, 1924, and ever since, Smolen had been employed by the Chicago and Western Indiana Railroad Company, and had earned, or been able to earn, as much as before his injury, and praying for an order modifying and suspending the payment of compensation. Upon a

324—3

hearing the commission on October 29, 1925, ordered that payments under the award be made until the date of filing the petition, April 6, 1925, and thereafter forty-one and one-half cents a week should be paid for 104 weeks, and upon the expiration of that time all payments of compensation should cease. Upon a writ of *certiorari* the circuit court of Cook county set aside the order, finding that the Industrial Commission was without jurisdiction to enter it, and a writ of error was allowed to the Western Steel Car and Foundry Company to review the record.

Paragraph (*f*) of section 8 of the Workmen's Compensation act was amended in 1921 by the addition of the proviso, that "any employee who receives an award under this paragraph and afterwards returns to work, or is able to do so, and who earns or is able to earn as much as before the injury, payments under such award shall cease; if such employee returns to work, or is able to do so and earns or is able to earn part but not as much as before the injury, such award shall be modified so as to conform to an award under paragraph (*h*) of this section." (Laws of 1921, p. 453.) Before this amendment an award for total disability could be reviewed by the commission only within eighteen months after it was made and upon the ground that the disability had subsequently recurred, increased, diminished or ended. The amendment of 1921 was considered by the court in the cases of *Arnold & Murdock Co.* v. *Industrial Com.* 314 Ill. 251, and *Superior Coal Co.* v. *Industrial Com.* 321 id. 240. In the former case the award was made in February, 1916,—more than five years before the amendment of 1921 was passed. It was confirmed by the circuit court, and the decision of the circuit court was affirmed by this court in February, 1917. In March, 1917, the employer filed a petition under paragraph (*h*) of section 19 of the Workmen's Compensation act, alleging that the disability had decreased or ended and praying that the award be decreased. Upon a hearing the

Industrial Commission dismissed this petition on the ground that the disability had not decreased or ended. Subsequently the act of 1921 amending section 8 having been passed, the employer on May 3, 1922, filed a petition under paragraph (*f*) of the amended section, praying for a modification of the award on the ground that the disability had diminished or ended. It was held that upon the making of the award and its confirmation by final judgment it became a vested right in the employee which would not be affected by subsequent legislation, and therefore the amendment of 1921 did not apply to it. In the latter case the award was made on September 16, 1920, and the compensation awarded was paid until July 13, 1923. On March 7, 1923, the employer filed a petition for review under paragraph (*h*) of section 19 on the ground that the disability had diminished and ended. A motion was made to dismiss the petition on the ground that it had not been filed within eighteen months of the date of the award, but evidence was introduced, and at its conclusion an amended petition under paragraph (*f*) of section 8 was allowed to be filed, and the commission dismissed the petition on the ground that the disability had not decreased. The circuit court confirmed this decision, but this court reversed the judgment, holding that the award was not a vested right beyond the reach of legislative power, since it was still subject to review at the time the amendment became effective. The court thereupon proceeded to a consideration of the petition under the provisions of paragraph (*f*) of section 8, and in view of the evidence, which tended to show that the defendant in error was earning $25 a week, reversed the judgment of the circuit court and remanded the cause, directing the award to be reviewed as provided in paragraph (*f*) of section 8. The award in favor of the defendant in error was by the law subject to the right of the plaintiff in error to have it reviewed in the manner provided by the act, but that manner was a mere question of procedure, and a change in the law which af-

fects only the remedy or procedure governs all rights of action without regard to whether they accrued before or after such change.

Counsel for the defendant in error concede that the latter case is substantially identical with the case now under consideration and is adverse to their position, but argue the question, which they say was not raised or discussed in either of the cases cited, that the amendment, if given the retroactive effect which it was given in the *Superior Coal Co. case,* impairs the obligation of a contract and divests vested rights. In *Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413, in discussing the Workmen's Compensation act it was said: "The employers who accepted the provisions of the act assumed the definite liabilities it imposed upon them in consideration of their exemption from their common law liability, while the employees who accepted surrendered their common law rights in consideration of the definite remedy given by the act. The provisions of the act become a binding contract as to all who accept them."

Whether the obligation imposed by the Workmen's Compensation act is contractual in its nature or entirely statutory does not affect the question of the right of the legislature to change the remedies provided for its enforcement. It is well understood that the legislature has no authority to pass a law impairing the obligation of a contract or depriving a citizen of his property or of any vested right, but there is no vested right in a public law which is not in the nature of a grant, and however beneficial an act of the legislature may be to a particular person or class of persons or however injuriously they may be affected by its repeal, the legislature clearly has the right to abrogate all legislative acts which are not in the nature of contracts or private grants. The repeal of a law cannot impair vested rights which have been acquired under it and the passage of a new law cannot by its retrospective operation impair

such vested rights, but the legislature has the right to change the limitation laws of the State with respect to existing causes of action and to change the laws of procedure, and all rights of action must be enforced in accordance with the new procedure, without regard to whether they accrue before or after the change in the law. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553; *Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 id. 579; *City of Chicago* v. *Industrial Com.* 292 id. 409.) The rule is well settled that the changing of a remedy for the enforcing of a contract does not impair its obligation. The remedies which the law affords to enforce contracts constitute no part of the contracts themselves. *Chapin* v. *Billings,* 91 Ill. 539; *Gage* v. *Caraher,* 125 id. 447.

Prior to the amendment paragraph (*h*) of section 19 of the act gave a right of review within eighteen months in all cases of any agreement or award made under the act, on the ground that the disability of the employee had subsequently recurred, increased, diminished or ended. An award for a disability which was total and permanent was thus reviewable if the employee returned to work, or was able to do so, within eighteen months after the making of the award and earned or was able to earn wages, whether as great as before the injury or not so great, for total disability could not exist with ability to work and earn wages. Since the award was subject to review at the time the amendment of 1921 became effective and for nine months afterward, it was not an impairment of the obligation of a contract to extend the time for the review of the award.

The judgment of the circuit court will be reversed and the writ of *certiorari* quashed.          *Judgment reversed.*

Mr. Justice Farmer, dissenting:

I do not agree with the decision of the court in this case. It is in conflict with *Arnold & Murdock Co.* v. *Industrial Com.* 314 Ill. 251, which the opinion cites but does

not directly overrule. The court also cites *Superior Coal Co.* v. *Industrial Com.* 321 Ill. 240, which is in direct conflict with the *Arnold & Murdock Co. case.* In the latter case the award became final in February, 1917. The company filed a petition under paragraph (*f*) of section 8, as amended in 1921, for review of the award. The court held in that case that the amendment of 1921 authorized the review of an award without limit as to time but that the award sought to be reviewed had become a vested right before the amendment was adopted, and there was no indication in the language of the amendment that the legislation was intended to be retroactive; that in any event we were prevented from so construing it, because the award was a vested right of property before the enactment of the amendment, and that to construe it to be retroactive would destroy or diminish a vested right of property, which the legislature had no authority to do. The court said no one has a vested interest in a public law, and the legislature might repeal or amend all acts not in the nature of contracts or private grants, but that no repeal or amendment could have the effect of extinguishing rights acquired under the law. That case was decided in 1924 and is reported in 40 A. L. R. 1470, with notes. *Superior Coal Co.* v. *Industrial Com. supra,* was decided in 1926. The petition for review passed on in that case was filed under paragraph (*f*) of section 8. The court said the substantial question presented was whether the company was entitled to a review under the terms of the amendment. The award became final September 16, 1920, and the court held it could not be reviewed under the original petition, which was filed in March, 1923, under paragraph (*h*) of section 19, because more than eighteen months had elapsed after the award was entered. During the hearing an amended petition was filed under paragraph (*f*) of section 8, as amended in 1921. The court held the award could be reviewed under the amended petition, and said

the right of review given by the amendment of 1921 is an additional provision for review, similar in character to the one provided in paragraph (*h*) of section 19, which had become inoperative and ineffective by lapse of time. The court said the amendment to section 21 provided a new remedy or procedure for reviewing an award and was to be construed as retrospective in its operation. The court held the award was subject to review under the amended petition. In my judgment that case and the *Arnold & Murdock Co. case* cannot both be right, as it is my understanding they are in direct conflict.

In the instant case the award became final in April, 1921, and four years later a petition for review was filed under paragraph (*f*) of section 8 of the Workmen's Compensation act. The commission reviewed and modified the award, but the circuit court set aside the order of the commission and held it was without jurisdiction to make the order. Both the *Arnold & Murdock Co. case* and the *Superior Coal Co. case* are referred to in the opinion, but I do not understand they are or can be distinguished and neither case is overruled. The court holds the award in this case, although it became final four years before the petition was filed, is subject to review under the amendment, which was a change in procedure that affected only the remedy or procedure, and gives all parties a right of review without regard to whether the award became final before or after the amendment. As I understand the law, when a judgment becomes final it is a vested right and cannot be destroyed or diminished by subsequent legislation. It is unnecessary to cite authorities, as they are plentiful and will be readily found. I do not think the legislature ever intended to make, or had any purpose in making, the 1921 amendment retroactive, and I do not think it had the authority to do so had it so intended. The award in this case was subject to review under paragraph (*h*) of section 19 at the time the amendment of 1921 became effective,

as the eighteen months had not expired after the award became final, but I do not agree that the award was subject to review under paragraph (*f*) of section 8. I have tried to call attention to the conflicting decisions on this question and give briefly my position as to what the law is. I cannot agree to the decision in this case.