No. 3172

Second Circuit

LeSUER v. RUMBAUGH, ET AL.

(March 14, 1928. Opinion and Decree.)
(May 28, 1928. Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant —Par. 154, 160 (e).**
Under the Workmen's Compensation Act Section 20 of Act 20 of 1914, as amended, regarding time for modification and review of judgments, the judgment pronounced must be in accordance with the law as it stands at the time of the judgment.

Appeal from the First Judicial District

Court, Parish of Caddo. Hon. Robert Roberts, Judge.

Action by Gordon Le Suer against C. E. Rumbaugh, et al.

There was judgment for plaintiff and defendants appealed.

Judgment reversed.

George T. McSween, of Shreveport, attorney for plaintiff, appellee.

. Cook and Cook, of Shreveport, attorneys for defendants, appellants.

WEBB, J. The plaintiff was injured in May, 1926, he instituted an action to recover compensation under the Employers' Liability Act (Act No. 20 of 1914) on November 4, 1926, and judgment was rendered in his favor on February 12, 1927, from which the defendants appealed, and the judgment was affirmed on June 27, 1927.

On August 27, 1927, the defendant filed a rule on plaintiff to show cause why the the judgment should not be modified, to which the plaintiff, defendant in rule, filed exceptions of no cause of action and prematurity, which were submitted on the face of the record, and the exceptions of prematurity being sustained and the rule discharged, defendants, plaintiffs in rule, appeal.

Relative to modification and review of the judgments, the statute in effect at the time of the injury or disability was as follows:

"That a judgment of compensation may be modified at any time by subsequent agreement between employer and employee or his dependent, with the approval of the Judge of the court that rendered the judgment sought to be modified, or any time after one year after said judgment of compensation shall have become oper-

ative, it may be reviewed by the Judge of the court that rendered the judgment sought to be modified upon the application of either employer or employee, on the ground that the incapacity of the employee has subsequently diminished or increased," etc. (Sec. 20, Act No. 20 of 1914; Amd. Act No. 38 of 1918).

And at the time of the suit and date of the judgment, the statute provided:

"That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial court it shall be reviewed by a Judge of the court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation * * * ." (Sec. 20, Act No. 14 of 1920, Amd. Act. No. 85 of 1926.)

The appellant, while recognizing the universal rule that laws, in default of a clear expression to the contrary, should not be given retrospective operation, urges that the provision for reviewing judgments rendered under the statute relates to the remedy and that the general rule is not applicable, while, as we understand, the appellee urges that the provision is not remedial, but, if so, the matter relates to the right itself, and is indistinguishable therefrom, and that appellee having been injured at a time when the statute entitled him to a judgment for compensation which could be modified only after one year from the date the judgment became operative he had a vested right which could not be affected by subsequent legislation.

Conceding that the plaintiff acquired a vested interest in the right of action given under the statute, the right of action was

to recover compensation during the period of his disability, and not a right to recover compensation beyond the period of his disability, and we do not think appellee could be said to have had a vested interest only in the right to recompensation during the period of his disability.

The provision fixing a period within which the judgment under the statute could not be modified, was not to provide for compensation beyond the period of disability, but, we think, was merely to determine a time in which the conditions existing at the date of the judgment would be presumed to continue, and considered in its most favorable view, we think that such period should be determined by the period fixed under the statute at the date of the judgment.

The judgment pronounced in any proceedings must be according to the law as it stands at the time of the judgment (Cooley, Const. Limit., 8th ed., page 756) and the statute at the time of the rendition of the judgment (which was conclusive of all matters and defenses available at that time) providing that it should so remain for a period of six months thereafter, after which time it could be modified, and it appearing that such period of time had elapsed since the rendition of the judgment, when the action was instituted to modify it, we think that the pleas of no cause of action and prematurity should have been overruled.

We do not think that this ruling would be inconsistent with the decision cited by counsel, Daniels vs. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341, or that it is, in so far as the judgment sought to be modified is concerned, giving retrospective operation to the statute.

The judgment appealed from is therefore annulled, avoided and reversed, and it is now ordered that the exceptions of no cause of action and prematurity be overruled, and the cause remanded for further proceedings and according to law.

------

## ON APPLICATION FOR REHEARING

Per curiam.

Rehearing refused. We think this case is controlled by the principle announced in the following cases:

Smolen vs. Industrial Commission, et al., Supreme Court of Illinois, December 23, 1926; 154 N. E. 441, (324 Ill. 32).

Arnold & Murdock Co. vs. Industrial Commission, 314 Ill. 251, 145 N. E. 342, (40 A. L. R. 1470).