THERESA ANTUNES, Indiv. and as Special Adm'r of the Estate of Deborah Jewell, Deceased, Plaintiff, v. SAMERNG SOOKHAKITCH *et al.*, Defendants (Samerng Sookhakitch, Third-Party Plaintiff and Counter-defendant; Pap Smear Center, Inc., Third-Party Defendant and Counter-plaintiff and Third–Party Plaintiff-Appellant; Wilfredo Granada, Third–Party Defendant-Appellee; Frank Sun, Third–Party Defendant-Appellee).

Second District   Nos. 2—88—0666, 2—88—0668 cons.

Opinion filed March 29, 1989.—Rehearing denied May 16, 1989.

J. Robert Geiman, J. Jonathan Regunberg, and Paulette J. Cusick, all of Peterson, Ross, Schloerb & Seidel, of Chicago (David J. Novotny, of counsel), for appellant.

Francine J. Aren, of Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark, of counsel), for appellee Wilfredo Granada.

Louis W. Brydges, Sr., of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (Leslie A. Peterson, of counsel), for appellee Frank Sun.

JUSTICE McLAREN delivered the opinion of the court:

Third-party plaintiff, Pap Smear Center, appeals from the trial court's orders dismissing its third-party complaints. The complaints

sought contribution from Dr. Frank Sun and Dr. Wilfredo Granada. The trial court determined that both of these complaints were barred by the statute of limitations. We reverse and remand.

Decedent, Deborah Jewell, filed a complaint in the circuit court of Lake County on April 7, 1981, alleging the medical malpractice of Dr. Samerng Sookhakitch. Decedent alleged that Dr. Sookhakitch, a gynecologist, was negligent in his care and treatment of her from May 25, 1979, through June 16, 1980. On August 26, 1981, Deborah Jewell died. In February 1983, plaintiff, Theresa Antunes, was appointed special administrator of the Jewell estate. Plaintiff voluntarily dismissed the original complaint on April 2, 1984, and refiled this suit on April 1, 1985, pursuant to section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). The refiled complaint named Dr. Sookhakitch as the sole defendant. On December 11, 1986, Dr. Sookhakitch filed a third-party complaint seeking contribution from Pap Smear Center pursuant to the Illinois Contribution Among Joint Tortfeasors Act (Contribution Act) (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*). Pap Smear Center filed a motion to dismiss the complaint based on the statute of limitations. The court denied the motion and also denied Pap Smear Center's motion for reconsideration.

On March 30, 1987, plaintiff amended her complaint to include Pap Smear Center as a direct defendant. Pap Smear Center moved to dismiss the amended complaint for failure to bring the negligence action within the two-year statute of limitations period. The trial court granted the motion. On September 10, 1987, plaintiff filed a second amended complaint, naming Pap Smear Center as a defendant on a wrongful death count on behalf of decedent's minor child.

On November 23, 1987, Pap Smear Center filed a third-party complaint seeking contribution from decedent's treating physicians, Dr. Sun and Dr. Granada. Dr. Sun filed a motion to dismiss the complaint on the ground that the statute of limitations barred the action. The trial court granted the motion. The court also granted Dr. Granada's motion for summary judgment based on the same ground. The trial court further ordered that there was no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). This appeal followed.

On appeal, Pap Smear Center contends that the trial court improperly dismissed its third-party complaints against both treating physicians because Pap Smear Center has a statutory right to contribution from these physicians.

Section 13—212 of the Code of Civil Procedure (Malpractice Act) (Ill. Rev. Stat. 1987, ch. 110, par. 13—212), pursuant to which the

third-party complaint was dismissed, provides:

"(a) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987." Ill. Rev. Stat. 1987, ch. 110, pars. 13—212(a), (b).

Pap Smear Center contends that section 13—212 is inapplicable to its third-party contribution action. Pap Smear Center argues that its third-party claim was for contribution only, and thus the only applicable limitations provision is found in section 13—204. Section 13—204 provides:

"No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability. (Ill. Rev. Stat. 1987, ch. 110, par. 13—204.)

In addition to section 13—204, Pap Smear Center asserts that the Illi-

nois Supreme Court has already ruled on when a contribution action must be filed to be considered timely. In *Laue v. Leifheit* (1984), 105 Ill. 2d 191, the court held that if there is a pending action, the party seeking contribution must file a counterclaim or third-party action in that action. (*Laue*, 105 Ill. 2d at 196.) The failure to do so will result in the counterclaim or third-party action being time barred. The court determined that this holding was necessary to avoid overcrowding the court system with a multiplicity of lawsuits and to reduce the possibility of inconsistent verdicts. 105 Ill. 2d at 197.

Both third-party defendants contend that the *Laue* decision does not control the case at bar. Dr. Granada contends that the *Laue* decision did not establish a specific time limit for a party to file a contribution action. Instead, *Laue* only bars all contribution actions filed after a pending lawsuit has concluded. Dr. Granada concludes that *Laue* did not hold that all contribution actions brought during a pending lawsuit are timely filed.

Dr. Sun argues that there was no specific statute governing the cause of action in *Laue*. The complaint in *Laue* was based on negligence for the damages sustained as the result of an automobile collision. Dr. Sun argues that our case involves an allegation of medical malpractice and is thus controlled by the Malpractice Act. In addition, Dr. Sun argues that, in our case, the trial court ruled that the specific limitations provisions of the Malpractice Act govern the case, as opposed to the *Laue* decision in which the court had to rely upon the general provisions of the Contribution Act.

As we previously indicated, this case involves two separate and distinct complaints. The original complaint, filed by plaintiff, sought damages for alleged medical malpractice. It was thus proper for the trial court to apply the malpractice limitations provisions to the original complaint. However, Pap Smear Center's third-party complaint did not seek damages for alleged medical malpractice. The third-party complaint only sought contribution from potential joint tortfeasors. The third-party complaint was not based on the Malpractice Act, but instead was based on the Contribution Act. We believe it was error to apply the limitations provisions of the Malpractice Act to a complaint which was based solely on the Contribution Act.

Both third-party defendants rely upon *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, for the proposition that the Contribution Act limitations provision (see Ill. Rev. Stat. 1987, ch. 110, par. 13—204) is not applicable in medical malpractice litigation. In *Hartford Fire*, an action was filed against the architects of a school for negligence in the design and construction of

the school. The architects filed third-party actions against two engineering firms associated with the construction of the school. The engineers filed motions to dismiss the third-party actions on the ground that the contribution actions were not timely filed. The trial court granted the motions, and the appellate court affirmed. (158 Ill. App. 3d at 516-17.) The appellate court held that the third-party actions were governed by the provisions of the specific statute relating to the construction industry, and not by the general Contribution Act. (158 Ill. App. 3d at 518.) The appellate court went on to note that the limitations provision in section 13—204 only bars contribution actions filed more than two years after a joint tort-feasor has made a payment. It does not state that all contribution actions filed within the two-year period are timely filed. 158 Ill. App. 3d at 518.

We do not believe the reasoning of the *Hartford Fire* decision is persuasive in the case at bar. In *Hartford Fire*, the counterclaim for contribution was filed nearly four years after the original action was filed. (158 Ill. App. 3d at 520-21.) That filing occurred nearly two years after the repose period in section 13—214(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(b)) had expired. However, in our case, Pap Smear Center filed its third-party complaint for contribution approximately two months after it was named as a defendant in the original action. In addition, the repose period in section 13—212(b) (Ill. Rev. Stat. 1983, ch. 110, par. 13—212(b)) had yet to expire with respect to the decedent's minor child's cause of action against the two physicians, unlike the situation in *Hartford Fire*. Pap Smear Center filed its third-party complaint within a reasonable amount of time after being named a defendant in the original action, thus avoiding the problems associated with lengthy delays like those present in *Hartford Fire*. The *Hartford Fire* court relied on the third-party plaintiffs' delay in bringing the contribution action in reaching its decision that the contribution action was time barred. (158 Ill. App. 3d at 521.) It is undisputed that Pap Smear Center, unlike the third-party plaintiff in *Hartford Fire*, did not delay in bringing its third-party action for contribution. Thus, we believe that the trial court improperly relied upon *Hartford Fire* in dismissing Pap Smear Center's third-party action.

Dr. Granada notes that the reasoning in *Hartford Fire* was recently adopted in another appellate court opinion. In *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, the Appellate Court for the First District reaffirmed its position that the term "otherwise" in section 13—214 ("action based upon tort, contract, or otherwise") includes complaints for contribu-

tion. (*La Salle National Bank*, 177 Ill. App. 3d at 472.) The court noted that the "otherwise" language was sufficiently broad to include all actions relating to the construction industry, including claims for contribution. 177 Ill. App. 3d at 472.

We do not believe that the legislature intended the word "otherwise" in section 13—212 to include contribution actions. In *Desai v. Chasnoff* (1986), 146 Ill. App. 3d 163, the court determined that "otherwise" referred only to medical malpractice claims not based upon tort or contract. (146 Ill. App. 3d at 167.) As we previously indicated, Pap Smear Center's third-party complaint is not based on medical malpractice, but instead only sought contribution. Therefore, we believe the "otherwise" in section 13—212 has no application to contribution actions filed against potential joint tort-feasors who also happen to be physicians.

In addition, we believe that it is fundamentally unfair to not allow Pap Smear Center's third-party complaint for contribution. This is especially true given the fact that, under the trial court's rulings, Pap Smear Center never would be allowed to seek contribution from the two physicians. As we previously stated, the alleged negligent acts occurred in 1979 and 1980. However, Pap Smear Center was not made a defendant in this case until 1986. Thus, according to Drs. Sun and Granada, the statute of limitations under section 13—212 would prevent Pap Smear Center from bringing a contribution action long before Pap Smear Center became aware of its own potential liability. We believe the trial court's ruling improperly denied Pap Smear Center the opportunity to seek contribution from these potential joint tort-feasors.

The right of contribution in Illinois was originally created by our supreme court in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1. In *Skinner*, the court held that there was no reason to permit the burden of a loss to fall upon one defendant, allowing an equally responsible defendant to go "scot free." (70 Ill. 2d at 13.) The Illinois legislature relied upon *Skinner* and established a statutory right of contribution among two or more persons subject in tort to a plaintiff. (Ill. Rev. Stat. 1987, ch. 70, par. 302(a).) Section 302 of the Contribution Act provides, in pertinent part:

> "[W]here two or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." (Ill. Rev. Stat. 1987, ch. 70, par. 302(a).)

The purpose of the Contribution Act is to apportion liability for tortious conduct among those liable for the injuries. (*Doellman v. Warner*

*& Swasey Co.* (1986), 147 Ill. App. 3d 842.) We believe that the trial court impermissibly cut off Pap Smear Center's right to seek contribution from potential joint tort-feasors in this case.

A review of Pap Smear Center's complaint clearly indicates that the third-party action is based solely on the Contribution Act. The third-party complaint merely alleged that both physicians' liability for contribution, if any, arose from allegations of medical malpractice. Because the third-party complaint was an action for contribution, we believe that the limitations provisions of the Contribution Act control.

■ Dr. Granada also contends that the provisions of the Malpractice Act control over the Contribution Act because the Malpractice Act is the more specific of the two statutory provisions. Illinois courts have long followed the principle of statutory construction that specific statutory provisions control over general statutory provisions. (*Village of Franklin Park v. Dickman* (1988), 165 Ill. App. 3d 1012, 1014; *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 711.) As far as a contribution claim is concerned, the specific statute governing the cause of action is the Contribution Act, which only applies to contribution actions against joint tort-feasors. (Ill. Rev. Stat. 1987, ch. 110, par. 13—204.) The general statutory provision is the Malpractice Act, which applies to any medical malpractice action, whether based upon tort, contract, or otherwise. (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a).) We believe the specific provisions of the Contribution Act control Pap Smear Center's third-party complaint for contribution.

■ We also do not agree with both doctors' contentions that to allow Pap Smear Center's third-party complaint for contribution would undermine the legislative goals in enacting the Malpractice Act. The legislature enacted the Malpractice Act to correct the perceived malpractice insurance crisis in this State. (*Penkava v. Kasbohm* (1987), 117 Ill. 2d 149, 155.) The legislature determined that a firm statute of limitations period was necessary to prevent the extended exposure of physicians and other hospital personnel to potential liability in medical malpractice actions. *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 240, 243-44 (Ryan, C.J., specially concurring).

We cannot perceive how the legislative goals of the Malpractice Act would be frustrated by allowing Pap Smear Center's complaint for contribution. Pap Smear Center's complaint does not seek damages for medical malpractice, but is instead based solely on an alleged right of contribution. As we previously indicated, the Malpractice Act deals strictly with medical malpractice actions and does not concern itself with other independent actions such as the contribution claim at issue

in this case. Pap Smear Center is not suing Drs. Sun and Granada for their alleged medical malpractice, but instead is seeking contribution from potential joint tort-feasors. Thus, we believe the trial court erroneously applied the Malpractice Act to the third-party action when the action was not based on medical malpractice.

We also note in passing that applying the physicians' argument that section 13—212 bars Pap Smear Center's contribution action would often lead to illogical results. For example, had the plaintiff originally included Dr. Sun as a direct defendant in this case, Dr. Sun would be barred from seeking contribution from Dr. Granada or any other physician based on the limitations provision found in section 13—212. This would place the plaintiff in the position of being able to determine which defendant would be subject to liability, and which defendant would go "scot free." We believe this result is directly contrary to the holding in *Skinner* and would also frustrate the legislative intent in enacting the Contribution Act. Furthermore, it was not the intent of the Malpractice Act to bar one physician's contribution action against another physician.

In addition, we also do not believe that, by allowing Pap Smear Center's third-party complaint for contribution, the physicians are being exposed to an extended period of potential liability for their alleged malpractice. This is especially true given the fact that the decedent's minor child still has time to file a direct medical malpractice action against each of the physicians. The trial court apparently disregarded the fact that the child's cause of action tolled the limitations provisions found in section 13—212. Given the fact that the repose period of section 13—212 has yet to expire for the minor child's cause of action, we cannot agree with the two physicians that we are exposing them to an extended period of malpractice liability by allowing Pap Smear Center's contribution action. Both Drs. Sun and Granada still remain "subject to liability in tort" for the same alleged wrongful death as is alleged against Pap Smear Center. Thus, under section 2(a) of the Contribution Act, Pap Smear Center has an unequivocal statutory right of contribution against each physician.

For the above stated reasons, the orders of the circuit court of Lake County dismissing Pap Smear Center's third-party complaints are reversed, and this cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.