DAVID OAKES, Plaintiff, v. JOHN MILLER, Indiv. and d/b/a Miller's Remodeling and Home Repair, Defendant and Third-Party Plaintiff-Appellant (Stewart-Barry Roofing and Insulation Company, Third-Party Defendant-Appellee).

First District (3rd Division)   No. 1—89—2436

Opinion filed May 13, 1992.

Tressler, Soderstrom, Maloney & Priess, of Wheaton (Francis A. Spina and William J. Cremer, of counsel), for appellant.

Kiesler & Berman, of Chicago (Edward L. Cooper, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Defendant John Miller, individually and d/b/a Miller's Remodeling & Home Repair, appeals from the dismissal of his third-party complaint against third-party defendant Stewart-Barry Roofing & Insulation Company, as barred by the statute of limitations. Defendant argues on appeal that: (1) the trial court erred in applying the pre-amended version of the construction statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)); and (2) the Contribution Act's statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—204) was more specific than the construction statute of limitations, and the former should have been applied. The issue is whether a lengthened statute of limitations can be applied retroactively to a cause of action that was not barred by a previous statute of limitations at the time of the amendment lengthening the statute of limitations. We reverse.

Plaintiff, David Oakes, filed a complaint against defendant on January 10, 1985. Count I alleged a Structural Work Act violation (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*), and count II alleged negligence. The complaint alleged that plaintiff was an employee of third-party defendant, which was a subcontractor, and that on June 27, 1984, plaintiff was working on the construction of a home addition when he fell through a hole in the roof. Plaintiff also alleged that defendant was the general contractor in charge of the construction of the addition. The record does not indicate when the complaint was served upon defendant, but the parties agree that the date of service was January 17, 1985.

On September 18, 1985, an amendment that lengthened the construction statute of limitations from two to four years became effective. Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a).

On February 18, 1987, defendant's third-party complaint against third-party defendant was filed. Defendant alleged that the third-party defendant breached its duty to defendant and failed to provide plaintiff with a safe place to work, among other omissions.

Third-party defendant filed a motion to dismiss on the basis that the third-party action was governed by the two-year construction statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)). The trial court granted the motion to dismiss, and defendant appealed.

■■ ■ Defendant argues on appeal that between the construction statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a)) and the Contribution Act's statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—204), the latter should apply because it is more specific in application to defendant's third-party complaint.

The construction statute of limitations states:

"(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a).)

The Contribution Act's statute of limitations states:

"No action for contribution among tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." Ill. Rev. Stat. 1989, ch. 110, par. 13—204.

Defendant cites *Antunes v. Sookhakitch* (1989), 181 Ill. App. 3d 621, 628, 537 N.E.2d 333, 338, which held that a third-party contribution complaint against decedent's treating physicians was controlled by the Contribution Act and not by the medical malpractice limitations statute (Ill. Rev. Stat. 1987, ch. 110, par. 13—212). The basis for the decision was the rule of statutory construction that specific provisions control over more general provisions. (*Antunes*, 181 Ill. App. 3d at 628, 537 N.E.2d at 337-38.) The Illinois Supreme Court affirmed the appellate court, but for different reasons; appellee did not argue on appeal that the Contribution Act applied to its third-party complaint. *Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 479-80, 483.

Defendant recognizes that *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.* (1988), 177 Ill. App. 3d 464, 532 N.E.2d 314, held that the statute of limitations for a construction action should control as more specific than the Contribution Act's statute of limitations. Defendant notes other first district cases holding to the contrary of *Antunes*, including *Heneghan v. Sekula* (1989), 181 Ill. App. 3d 238, 241-42, 536 N.E.2d 963, 966, which held that the more specific medical malpractice limitations statute (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) prevailed over the Contribution Act, and *Hayes v. Mercy Hospital & Medical Center* (1989), 180 Ill. App. 3d 441, 444, 535 N.E.2d 1137, 1139, which also held that the medical malpractice statute controlled, but defendant argues that the second district's *Antunes* is the more correct decision.

The rationale of these first district cases was recently relied upon in *Rummel v. Yazoo Manufacturing Co.* (1991), 222 Ill. App. 3d 526, 531, which held that the statute of limitations for actions against

municipalities (Ill. Rev. Stat. 1989, ch. 85, par. 8—101) applied to a third-party complaint instead of the Contribution Act's statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—204). Under similar reasoning that the construction statute of limitations is more specific than the Contribution Act's statute of limitations, we hold that the construction statute of limitations applies to defendant's third-party complaint.

Defendant next argues that its third-party complaint was timely filed within the four-year construction statute of limitations that was effective September 18, 1985 (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a)). Defendant argues that the amended version applied because: (1) the third-party claim was still viable even under the two-year limitations period when the 1985 amendment took effect; (2) a change in the limitations law with respect to existing causes of action must be enforced according to the new procedure; (3) the amendment extending the statute of limitations would not be applied retroactively to revive a claim that had previously been barred; (4) the amendment did not take away or impair third-party defendant's vested rights, create any new obligation, impose any new duty, or attach any new disability to third-party defendant; and (5) statutes of limitation are procedural in character, and procedural amendments are generally applied retroactively.

Third-party defendant argues that the statute of limitations in effect prior to the amendment was properly applied because: (1) the statute of limitations in force at the time the cause of action arose governs; and (2) a lengthening of a statute of limitations cannot be retroactively applied where the injury occurred prior to the amendment.

Prior to the amendment effective on September 18, 1985, the construction statute of limitations provided:

> "(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).)

The amendment changed the limitations period from two to four years. Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a).

Defendant relies upon *Smolen v. Industrial Comm'n* (1926), 324 Ill. 32, 154 N.E. 441, in which prior to a statute's amendment, a

workmen's compensation award for disability could be reviewed only within 18 months and upon the ground that the disability ended. The amendment provided that an award would cease if the recipient returned to work. The court held that existing causes of action were to be enforced in accordance with new procedures without regard to whether they accrued before or after the change in the law. (*Smolen*, 324 Ill. at 37, 154 N.E. at 443.) Because the award was still subject to review at the time that the amendment became effective, it was not an impairment of the obligation of a contract to extend the time for review of the award. *Smolen*, 324 Ill. at 37, 154 N.E. at 443.

*Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 163, 380 N.E.2d 782, 784, held that an amendment, which lengthened a statute of limitations from one to three years, was not applicable to revive a claim that was barred prior to the amendment. *Arnold* also provided that no party has a vested right in a statute of limitations prior to its lapse and that *where a limitations period had not expired prior to amendment*, the amendatory act controlled actions not previously barred. *Arnold*, 72 Ill. 2d at 165, 380 N.E.2d at 784.

Defendant states that, unlike the claim in *Arnold*, his claim had not expired under the two-year statute of limitations at the time of the amendment increasing the statute of limitations to four years.

Defendant also distinguishes the following cases. In *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131, the former section 13—214 (Ill. Rev. Stat. 1983, ch. 110, par. 13—214) was applied to a complaint that was filed about five years after the property loss. The court noted that the statute of limitations was lengthened to four years, but the court was not presented with the issue of which version of the statute applied. (*Continental*, 171 Ill. App. 3d at 138 n.1., 524 N.E.2d at 1133 n.1.) In any event, the complaint was filed too late even under the amended statute of limitations. Neither was this issue discussed in *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 532 N.E.2d 346, which applied the two-year version of the same statute of limitations.

Third-party defendant cites *In re Estate of Koss* (1967), 84 Ill. App. 2d 59, 228 N.E.2d 510, which predates *Arnold*, for the proposition that a statute of limitations will not be given retroactive effect in the absence of clear legislative intention. *Koss* applied the previous 60-day period in which to file a notice of appeal instead of the *shortened* 30-day period because the 60-day period was in effect at the time that the right to appeal accrued. (*Koss*, 84 Ill. App. 2d at 65, 228

N.E.2d at 513.) Not only does *Koss* involve a shortened instead of a lengthened limitations period, but its statement concerning the retroactive effect of the limitations period is questionable because of *Arnold* and authority even prior to *Koss, e.g., Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 184, 193 N.E.2d 844, 847 (general rule against retroactive application is not ordinarily applied to statutes of procedures).

Furthermore, the amended statute of limitations as applied to defendant's third-party claim would not be retroactive because a retroactive law is "one which 'takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past.'" *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 270-71, 470 N.E.2d 615, 622, quoting *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142, 204 N.E.2d 4; see also *Francisco v. Tribune Co.* (1985), 137 Ill. App. 3d 119, 121, 484 N.E.2d 435, 437 (application of statutory amendment that decreased the age of majority was not retroactive where the statute of limitations permitted minors to file lawsuits until two years after majority and where plaintiff was a minor at time of amendment).

Third-party defendant also relies on the statement in *Sanchez v. Access Associates* (1989), 179 Ill. App. 3d 961, 966, 535 N.E.2d 27, 29, that the statute of limitations in force at the time a cause of action arises governs the time within which the action will lie. But the amendment to the statute at issue there did not take effect until after the cause of action was already barred by the expiration of the statute of limitations. The basis for the refusal to apply an amended statute was the principle that an amended statute would revive a barred cause of action. (*Sanchez,* 179 Ill. App. 3d at 966, 535 N.E.2d at 29.) In *Beesley v. Spencer* (1861), 25 Ill. 199, which was *Sanchez*'s authority for the statement about the statute of limitations in force at the time, the statute of limitations in force when a promissory note became due was applied instead of the statute of limitations in force before the note's maturity but after the note's execution. *Beesley,* 25 Ill. at 200.

The statement in *Sanchez* (179 Ill. App. 3d at 966, 535 N.E.2d at 29) appears to be incorrect, at least in the case where the cause of action was not barred prior to the amendment, because of the decision in *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 354, 122 N.E.2d 513, 519, that applied an amended statute of limitations retroactively to a cause of action that accrued prior to the amendment because the amendment was procedural in character. In addition, the Illinois

Supreme Court has held that a new law affecting only procedure generally applies to litigation pending when the law takes effect. *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 364, 487 N.E.2d 937, 941.

██ The cases hold that a lengthened statute of limitations cannot be applied retroactively to a cause of action that was barred by the previous statute of limitations. But in this case, when the amendment became effective, defendant's third-party claim was still viable. Therefore, the amended four-year statute of limitations was applicable and defendant's third-party complaint was not barred.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GREIMAN, P.J., and TULLY, J., concur.