7 January 2000

NO.
 4-98-1050

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

MILTON GU
ZMAN and DONNA GU
ZMAN, ) Appeal from

Plaintiffs-Appellees, ) Circuit Court of

v. ) McLean County

C.R. EPPERSON CONSTRUCTION, INC., ) No. 96L49

Defendant Third-Party ) 

Plaintiff-Appellant, ) 

v. )

MJE CONSTRUCTION, INC.
; MICHAEL HADDEN, )

d/b/a HADDEN CONCRETE
; HARDESTY HEATING )

AND VENTILATING, INC.
; and ROBERT )

GEORGI, d/b/a G&G ROOFING, )

Third-Party Defendants- )

Appellees, ) 

and )

S.S. SCHNEIDER, as Special )

Administrator of the Estate of RANDY T. )   Honorable

ANDERSEN, Deceased, d/b/a ANDERSEN ) Luther H. Dear­born,

MASONRY and/or ANDERSEN CONSTRUCTION, ) Ron­ald C. Dozier,

Third-Party Defendant. ) Judges Presiding.

_________________________________________________________________

PRESIDING JUSTICE COOK delivered the opinion of the

court:

In September 1992, plaintiffs, Milton and Donna Guzman (Guzmans), sued defendant and third-party plaintiff, C.R. Epperson Construction, Inc. (Epperson), for breach of contract due to the alleged improper construction of their new home by Epperson.  The Guzmans voluntarily dismissed their complaint­ without prejudice in March 1996 but refiled it in April 1996, alleging the same causes of action­­­­.  In Sep­tem­ber 1996, Epperson filed a third-party breach-of-contract com­plaint against vari­ous subcon­tractors that it hired to help con­struct the Guzman home and later amended its complaint to add in­dem­nity claims as well.  In April 1998, the trial court dis­missed Epperson's com­plaint against one subcon­tractor as barred by the statute of limita­tions­­ and later dis­missed claims against two others and granted summa­ry judgment to a third.  Epperson ap­peals.  We reverse and remand with directions­.

BACKGROUND

In 1988, the Guzmans contracted with Epperson to build a residence in Bloomington, Illinois.   Epperson then con­tract­ed out work to various sub­con­trac­tors, in­clud­ing third-party de­fen­

dants MJE Con­struc­tion, Inc. (MJE); Michael Hadden, d/b/a Hadden Con­crete (Hadden); Hardesty Heating and Ventilating, Inc. (Hardesty); and Robert Georgi, d/b/a G&G Roof­ing (Georgi).  On Sep­tem­ber 25, 1992, the Guzmans sued Epperson, claiming that their home had been constructed improperly, resulting in numerous structural defects­­­.  In March 1996, the Guzmans vol­un­tari­ly dis­

missed their com­plaint but re­filed it on April 12, 1996, alleg­ing the same claims. 

On September 4, 1996, Epperson filed a third-party breach-of-contract com­plaint against subcon­trac­tors MJE, Hadden, Hardesty, Georgi, and a fifth subcontractor 
that Epperson later vol­un­tari­ly dismissed from the lawsuit.  The com­plaint detailed the various problems for which each subcontractor was allegedly responsible, stat­ing that the residence had flooded and leaked re­peat­edly ­in 1989 and 1990 and sub­sequently during periods of heavy rain­fall.  ­­­­­On February 10, 1997, Epperson amend­ed its com­

plaint to include express and implied in­dem­nity ­­­­­­­­claims.­­­­  Epperson also added a claim against a sixth sub­con­trac­tor, since deceased, who is not part of this litiga­tion.

MJE and Hardesty then filed motions to dismiss the amended claims directed at them, argu­ing 
that Epperson admitted in its original com
­plaint ­­to having know­n of the al­leged defi­

cien­cies as early as 1989 or 1990 and, there­fore, had failed to file its com­plaint within the four-year limi­ta­tions period of sec­tion 13-214(a) of the Code of Civil Procedure 
(Code) (735 ILCS 5/13-214(a) (West 1996))­­­­­­­, which provides:

"Actions based upon tort, contract[,] or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation[,] or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission."

The trial court de­nied the mo­tions­­­­.  However, in a subsequent motion to dis­miss, 
Georgi in­clud­ed 
an Au­gust 1996 
letter from Epperson in­form­ing Georgi of the law­suit, which ­­­­­stated that Epperson had ­­tried unsuccessfully to re­solve the mat­ter since 1990­­.  Epperson argued ­
­in response that it had not suffered any "inju­ry" until the Guzmans ­­­sued it in April 1996­ or, at ear­li­est, ­when they originally sued Epperson in September 1992.  ­­­­

Epperson further con­tend­ed that sec­tion 13-204 of the 
Code 
(735 ILCS 5/13-204 (West 1996)
) ap­plied to its in­dem­nity claims.  
Section 13-204, which was amend­ed 
(Pub. Act 88-538, §5, eff. January 1, 1995 (1994 Ill. Laws 154, 157)) to spe­cif­i­cally cover all ac­tions for con­tri­bu­tion and in­dem­ni­ty, pro­vides:

"In instances where an underlying action has been filed by a claimant, no ac­tion for con­tri­bu­tion or in­dem­nity may be com­menced more than 2 years after the party seeking contri­bution or in­demnity has been served with process in the underly­ing action or more than 2 years from the time the party *** knew or should rea­sonably have known of an act or omission giving rise to the action for con­

tribution or indemnity, whichever period expires 
later
."  
(Emphasis added.) 735 ILCS 5/13-204(b) (West 1996).

Section 13-204
(d) of the Code provides that this limitations period applies ret­roac­tive­ly unless previously applicable statutes of limitations or repose rights had already ex­pired
­­­­­­­.  735 ILCS 5/13-204(d) (West 1996). 

    In April 1998, the trial court grant­ed Georgi's mo­tion based primarily on Epperson’s letter and determined that ­­­­the limitations period of section 13-214(a) had expired by the end of 1994.  The trial court rejected Epperson's contention that section 13-204, ­as amended, applied to Epperson’s indemnity claims, finding that section 13-214(a) was previously applicable to the indemnity claims as well, and the limitations period for these claims had also expired in 1994.­­­  In November 1998, the trial court dismissed the claims against Hadden and Hardesty, granted summary judgment to MJE, ­­­­­­­­­­­­­­­­­­­­and per­mit­ted the par­ties to take an imme­diate ap­peal under Su­preme Court Rule 304
(a) (155 Ill. 2d R. 
304(a)).  This ap­peal fol­lowed.

ANALYSIS

As we consider on appeal whether the trial court erred in granting the subcontractors’ motions to dismiss and for summary judgment, ­­our review is 
de
 
novo
.  
Shull v. Harristown Township
, 223 Ill. App. 3d 819, 824, 585 N.E.2d 1164, 1167 (1992); 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993). 

Both parties distinguish Epperson’s claims for breach of contract from its claims for indemnity and, accordingly, their respective limitations periods as well.  However, we find for our purposes that all the claims in Epperson’s amended complaint, regardless of the proposed theory of recovery, are in reality third-party actions seeking monetary relief should the Guzmans obtain a judgment against Epperson.  All are, in essence, one cause of action.  Therefore, we treat all Epperson’s claims as third-party indemnity claims to determine the applicable statute of limitations and leave any decision as to how the actual pleadings themselves should be treated to the trial court on remand. 

Our sole question is this:  did section 13-214(a) of the Code apply to Epperson’s construction-related claims for indemnity?  The language of section 13-204 as amended clearly states that its limitations period now applies to all contribution and indemnity claims, except those that had expired under previously applicable statutes of limitation before January 1, 1995.  735 ILCS 5/13-204(c) (West 1996) (as amended by Pub. Act 88-538, §5, eff. January 1, 1995).  However, the subcon­

tractors claim that section 13-214's four-year limitations period applied to 
Epperson’s third-party indemnity claims until section 13-204 was amended and, therefore, the limitations period for filing these claims had expired, as the trial court ruled, by 1994 at the latest.  

Other ap­pel­late districts have ruled that section 13-

214(a) 
applies ­to third-party con­tribution or indemni­ty claims that are con­struc­tion related as well as to direct actions.  See 
Hartford Fire Insurance Co. v. Architectural Management, Inc.
, 158 Ill. App. 3d 515, 518, 511 N.E.2d 706, 708 (1987) (language and legislative history of section 13-214 demonstrate that its limitations and repose periods apply to third-party contribution claims); 
Board of Li­brary Di­rec­tors v. Skidmore, Owings & Merrill
, 215 Ill. App. 3d 69, 74-75, 574 N.E.2d 869, 872 (1991) (sec­tion 13-214 was in­tend­ed to en­com­pass 
all
 construction-

related ac­tions­­­­­­, in­cluding third-party indemnity claims); 
Oakes v. Mill­er
, 228 Ill. App. 3d 843, 845-46, 593 N.E.2d 903, 904-05 (1992) (construction statute of limitations is more specific than act pertaining to contribution and thus applicable to construction-related third-party complaints); 
Washing­ton Courte 
Condo­minium 
Ass'n-Four v. Wash­ington-Golf Corp.
, 267 Ill. App. 3d 790, 829-31, 643 N.E.2d 199, 225-27 (1994) (adopting the holding of 
Board of Library Directors
); see also 
Swann & Weiskopf, Ltd. v. Meed Asso­ciates, Inc.
, 
304 Ill. App. 3d 970, 975, 711 N.E.2d 395, 399 (1999).  We decline to follow these cases.

We first note that 
Hartford
 focused solely on section 13-214(b), the statute of repose for construction-related claims, rather than section 13-214(a)’s statute of limitations.  See 
Hartford
, 158 Ill. App. 3d at 519-20, 511 N.E.2d 709-10.  The purpose of a repose statute is to set an absolute cutoff date after which 
no
 claims may be filed, regardless of circumstances that emerge years later.  Therefore, the court in 
Hartford
 was correct in ruling that section 13-214(b) serves as the repose period for all construction-related claims--including third-party actions for contribution or indemnification--to prevent 
any
 such claims from proceeding after a certain prolonged time period has expired.  See also 
Highland v. Bracken
, 202 Ill. App. 3d 625, 632, 560 N.E.2d 406, 411 (1990).  However, such rationale does not exist in applying section 13-214(a)’s limitations period to third-party contribution or indemnity claims.

­­­In 
High­land
, 202 Ill. App. 3d at 629, 560 N.E.2d at 409, this court stated that the right of contribution exists in inchoate form from the time of injury but does not "ripen, mature, vest, or accrue" until either payment is made, obligated, or incurred or an action is brought against the defendant.  Accordingly, a cause of action for contribution would not accrue, in circumstances similar to the case at bar, until the date an action was filed against the third-party plaintiff.  
Highland
, 202 Ill. App. 3d at 630, 560 N.E.2d at 409.  The same rationale applies to third-party indemnity claims such as those filed in the instant case.  While an indemnity claim may be filed before it accrues to promote settlement of all claims in one action (
Kerschner v. Weiss & Co.
, 282 Ill. App. 3d 497, 506, 667 N.E.2d 1351, 1357 (1996)), the limitations period itself accrues, as with contribution claims, only upon payment, settlement, or the filing of a cause of action.  Otherwise, as we noted in 
Highland
, parties who might need third-party relief could be compelled to file numerous anticipatory claims well before they are sued, even if such litigation might later be unnecessary because the original plaintiff does not sue.  
Highland
, 202 Ill. App. 3d at 632-33, 560 N.E.2d at 411.

Therefore, we reject the subcontractors’ arguments that section 13-214(a) applied as a limitations period for Epperson’s indemnity claims or began accruing when Epperson purportedly discovered the alleged defects.  In fact, no particular statute of limitations specifically applied to these claims before section 13-204 was amended effective in 1995.  
­
Before its amendment, sec­tion 13-204 ­­­­applied only to claims for contri­

bution, not ­­­claims for indemnity, and, therefore, it would not have applied to the case at bar.  See 735 ILCS 5/13-204 (West 1992).  Therefore, only section 13-204, as amended, can be applicable in this case.  This case has some procedural quirks given that the Guzmans filed their lawsuit in September 1992, dismissed it in March 1996, and refiled it in April 1996.  ­­­­­­­­
­­­­­­­­The record is devoid of any explanation as to why the lawsuit was dismissed and quickly refiled; however, the Guzmans had the right to do just that.  See 735 ILCS 5/13-217 (West 1992) (permitting plaintiffs to voluntarily dismiss an action and refile it within a year) (since amended to prohibit such action if the cause of action accrued after March 9, 1995 (Pub. Act 89-7, §15, eff. March 9, 1995 (1995 Ill. Laws 284, 309))).  ­­­­­­­Epperson ­failed to file any third-party claims until September 1996, literally weeks shy of the four-year anniversary of the Guzmans filing their first lawsuit.  However, without an effective limitations statute on the books until January 1, 1995, we consider that either the refiling of the Guzmans' lawsuit or, at earliest perhaps, the January 1, 1995, date that amended section 13-204 became effective was the point at which the limitations period began to accrue for Epperson’s indemnity claims.  Either way, Epperson scraped through and its claims are not time-barred. 

CONCLUSION

In sum, we reverse the trial court's ruling finding Epperson's claims against the third-party defendants to be time-

barred and remand this cause to the trial court with directions to reinstate Epperson's claims for indemnity against MJE, Georgi, Hadden, and Hardesty.

Reversed and remanded with directions.

MYERSCOUGH and KNECHT, JJ., concur.