(No. 41767.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DAR-
RELL L. REDNOUR, Appellant.

*Opinion filed November 26, 1969.*

James McGlynn, of East St. Louis, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Burt delivered the opinion of the court:

This is an appeal from an order dismissing a petition under the Post-Conviction Hearing Act.

The appellant, Darrell L. Rednour, (herein referred to as defendant,) pleaded guilty to murder in the circuit court of Randolph County and was sentenced to the penitentiary on October 9, 1961, for a period of 99 years. On August 24, 1967, defendant filed a petition *pro se* under the Post-Conviction Hearing Act. On February 21, 1968, the court entered an order appointing counsel to represent the defendant. On March 28, 1968, said counsel filed a motion to take a deposition, and on June 11, 1968, said counsel filed an amended petition under the Post-Conviction Hearing Act. On August 19, 1968, the State's Attorney of Ran-

dolph County filed a pleading labeled a "Motion to Dismiss" praying that the amended petition for relief be denied. On November 4, 1968, an order of the court was filed stating: "August 26, 1968,—Motion heard, Petitioner present in open court with his Attorney. Argument presented, no evidence taken. Motion to Dismiss petition under the Post Conviction Hearing Act allowed, and petition dismissed".

Defendant's amended petition under the Post-Conviction Hearing Act alleged a substantial denial of his rights under the constitution of the United States and of the State of Illinois in that he would not have pleaded guilty except for the fact that he had made an oral confession to the sheriff of Randolph County; he was informed that the jury would be advised of the statements made to the sheriff and the deputies; the confession was obtained after prolonged periods of questioning without presence of counsel, and after being subjected to incessant harassment and duress, the defendant was not advised of his rights to remain silent, or that any statement made by him could or would be used as evidence against him in a court of law, or that he nad the right to consult with counsel before answering any questions, or that he had the right to have counsel with him during the interrogation, or that if he could not afford an attorney, one would be appointed for him without cost prior to the questioning if he so desired; without the confession of the defendant, there would not have been sufficient evidence upon which to obtain a true bill on an indictment for murder nor a conviction upon a trial on the charges set out in the information; at the time defendant was advised of his right to withdraw his guilty plea, the presiding judge informed him he could be sentenced to "death in the electric chair", and defendant interpreted this statement to mean that if he changed his plea from guilty to not guilty and was thereafter found guilty by a jury, the court would sentence him to the electric chair, and although he now realizes this was a mistaken apprehension, at the time he was put in such absolute

fear that he persisted in his plea of guilty. He further asserts that the court-appointed counsel was of very low caliber, and that he first met said counsel in open court, and, therefore, defendant was, in fact, denied the right to counsel; that defendant was, therefore, denied his constitutional rights as guaranteed to him by the fifth, sixth, and fourteenth amendments to the constitution of the United States, and by the Bill of Rights of the constitution of the State of Illinois, specifically sections 2, 9, 10, and 19 of article II.

The State filed a motion to dismiss representing to the court that the petition filed by the defendant was inadequate and insufficient in law to justify an order for setting aside the previous proceedings; that the petition filed by defendant recited many conclusions but failed to allege facts sufficient to warrant the relief under the provisions of the Post-Conviction Hearing Act; that the allegations contained in paragraph 2(C) of the petition purport to recite the constitutional rights available to the petitioner at the time of his trial, when in actuality such rights were not then recognized and afforded to defendants in criminal cases prior to June 13, 1966; that the alleged comments made by the trial judge were entirely proper and constituted merely a recitation to the defendant as to the consequence of his plea; that defendant's allegations concerning the alleged low caliber of his appointed counsel were not supported by any facts or allegations which would justify consideration by the court and prayed that the amended petition for relief be denied. The court dismissed the petition. This appeal followed.

Defendant now additionally contends that he was not competently represented at the Post-Conviction Hearing and that this cause should be remanded for this additional error.

The People's theory is that the defendant's petition is barred by the five-year statute in force at the time of his sentence, and that the petition was not filed until the lapse of 5 years, 10 months, and 15 days. The People allege that the case of *People* v. *Reed,* 42 Ill.2d 169, governs this

case, and that the statute in force at the time of the conviction of defendant provided for a five-year limitation from the date of sentence unless the defendant showed facts and circumstances suggesting that the delay was not due to his culpable negligence. The People argue that there was no allegation that showed the delay was not due to the defendant's culpable negligence.

We find that the defendant's petition is not barred by the five-year limitation. The situation here is different from that in *People* v. *Reed,* because in the *Reed* case the five-year statute of limitations had run its course in 1963, prior to the amendatory Act of 1965, which extended the period to 20 years, and it was held that the 1965 amendatory Act did not revive the action.

In the instant case, the five-year limitation had not run at the time of the 1965 amendatory Act and it therefore appears that the legislature intended that the act was to extend to 20 years the limitation period of existing causes of action not yet barred by the five-year limitation.

We find no merit in either one of defendant's arguments. Defendant contends that because his court-appointed counsel failed to solicit or elicit evidence or testimony from him, he was not fully and completely represented by counsel. We have no report of the proceedings of the post-conviction hearing; however, we will not hold that the mere failure to solicit or elicit evidence or testimony from the defendant shows that said counsel was incompetent, and deprived the defendant of his right to representation. The record shows that arguments of counsel were heard and that the People's motion to dismiss was granted. A motion to dismiss may be granted by the trial court, under proper circumstances, as a matter of law, and the fact that defendant was not called to testify does not show that his counsel was incompetent.

Defendant's other argument is that because his petition alleged he misunderstood the court's presentence admonition concerning the death penalty his plea was not an intelligent

act made competently and voluntarily with the full understanding of its nature and effect, and that, therefore, such plea is invalid. We have stated that a plea of guilty can be entered only after defendant has been fully and properly advised by the court of his rights and the consequences of his plea. (*People* v. *Ross,* 409 Ill. 599.) From the record before us, defendant has made no showing that his plea of guilty was not made competently and voluntarily so as to substantially deny his rights under the constitution of the United States or of the State of Illinois.

The order of the circuit court dismissing the petition is affirmed.

*Judgment affirmed.*