RANDALL FRANCISCO, Plaintiff-Appellant, v. TRIBUNE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 83—2436

Opinion filed September 30, 1985.

George M. Elsener & Associates, of Chicago (George M. Elsener and Michael I. Starkman, of counsel), for appellant.

Kiesler & Berman, of Chicago (Edward L. Cooper, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Randall Francisco, appeals from the dismissal of his personal injury action for failure to file his complaint within the period of limitations. Plaintiff contends that the statute of limitations in effect at the time the cause of action accrued governs the period for filing and that the trial court erred in applying the subsequently amended statute. For the following reasons, we affirm the judgment of the trial court.

The pleadings set forth the following facts relevant to this appeal. Plaintiff alleged that on July 23, 1969, he was struck by defendant's newspaper delivery truck. Plaintiff was seven years old at the time. In September 1969, plaintiff's mother retained legal counsel to represent her son's interests. Plaintiff's attorney notified defendant and defendant's insurance company of plaintiff's claim, but never filed a complaint. Instead, he advised plaintiff's mother that plaintiff had until his 23d birthday to file his lawsuit.

At the time of the alleged accident, section 21 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 22) permitted minors to delay the filing of their lawsuits until two years after they had reached

majority which, pursuant to section 131 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 131), was set at 21 years of age for males. Effective August 24, 1971, an amendment to section 131 of the Probate Act lowered the age of majority for males from 21 to 18. Subsequently, section 21 of the Limitations Act was also amended to reflect the change in the age of majority. As a result, minors had until their 20th birthday, rather than their 23d birthday, to file their lawsuits.

In 1972, plaintiff's original counsel was discharged from the case and no further legal action was taken in the matter until February 1, 1983, when plaintiff retained his present counsel, who filed the instant cause of action on February 8, 1983. At the time of filing, plaintiff was 20 years, 11 months and 25 days old.

The sole issue raised on appeal is whether the trial court erred by applying the amended Probate Act and Limitations Act to a cause of action which had accrued prior to the amendments. In arguing against the propriety of applying the amendments, plaintiff first contends that because the cause of action accrued in 1969, he had a vested right in the limitations period in effect at that time, which permitted him to delay filing until his 23d birthday. We disagree and find *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782, dispositive of the issue.

In *Arnold Engineering*, the Illinois Supreme Court held that, "[N]o one *** has a vested right in a statute of limitations prior to its lapse. Where a limitation period has not expired prior to amendment, the amendatory act controls all actions and remedies not previously barred." (72 Ill. 2d 161, 165.) In the present case, the original limitations period with respect to minors was amended by the Probate Act on August 24, 1971, nearly 14 years prior to its lapse with respect to plaintiff. Therefore, we conclude that plaintiff did not have a vested right in the original limitations period.

Plaintiff further contends that application of the amended limitations period to his cause of action is erroneous because it violates the presumption against retroactive application of legislation. We find this argument untenable for two reasons. First, we do not agree with plaintiff's argument that the amendments were applied retroactively as to his cause of action. This court has held that a retroactive law is one that either " 'takes away or impairs vested rights ***, or creates a new obligation, imposes a new duty, or attaches a new disability ***.' " (*In re Application of County Treasurer* (1973), 14 Ill. App. 3d 1062, 1065, 304 N.E.2d 9, quoting *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138,

142, 204 N.E.2d 4.) As stated, plaintiff did not have a vested right in the original limitations period. Further, the amendments did not create a new obligation, impose a new duty or attach a new disability. The obligation and duty to file a lawsuit within two years after reaching the age of majority remained the same. Similarly, the identical disability, *i.e.*, minority status, existed before and after the amendments. The fact that the age at which the disability was removed was changed did not create a new disability or render the statute retroactive as to plaintiff. At the time of the amendment, plaintiff was nine years old. Clearly, any application of the amendment as to him was prospective in nature. See *Earley v. Louisville & Nashville R.R. Co.* (7th Cir. 1975), 518 F.2d 55, 57.

Second, the original two-year limitations period was never shortened. Plaintiff had the same statutory two-year period in which to file upon reaching majority that he had always had. In this respect, we concur with the trial court's observation that "[this is] more a question of determination of removing of a disability. And the removal of the disability here does not in any way shorten the Statute of Limitation." Further, plaintiff had a 10-year period in which to discover the change in the age of majority. The fact that he did not discover the change and realize its impact is unfortunate, but it does not create grounds for an exception to well-established law. Accordingly, we hold that the amendments to the Probate Act and Limitations Act control and plaintiff was required to file his claim by February 14, 1982. Because he did not file his claim until February 8, 1983, his claim is barred.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.