SARGENT AND LUNDY, Plaintiff-Appellant, v. ROGER D. SWEET, as Director of the Department of Revenue, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—0690

Opinion filed December 24, 1990.

McDermott, Will & Emery, of Chicago (Richard A. Hanson and David J. Duez, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Sargent & Lundy, an engineering firm, appeals from an order granting summary judgment in favor of defendants, the Department of Revenue of the State of Illinois, Roger D. Sweet, as Director of the Department, and Jerry Consentino, as Treasurer of the State of Illinois (jointly referred to as the Department), in an action alleging that, pursuant to section 5 of the Retailers' Occupation Tax Act (the ROTA) (Ill. Rev. Stat. 1985, ch. 120, par. 444), the Department's tax liability notice for unpaid use tax, dated December 10, 1987, for the audited period of July 1, 1981, through June 30, 1984, was time barred by section 5's three-year limitations period. Although the version of section 5 in effect at the end of the audited period provided for a three-year limitations period for filing notice of tax liability, section 5 was subsequently amended to eliminate the limitations period, effective September 13, 1984 (the 1984 amendment). The sole issue on appeal is whether the version of section 5 in effect at the end of the audited period or the 1984 amendment to section 5 governed the Department's action against plaintiff. For the following reasons, we hold that the 1984 amendment governed the action and affirm the judgment of the trial court.

In late 1987, the Department audited plaintiff to determine whether plaintiff had paid use tax for the period of July 1, 1981, through June 30, 1984. The audit revealed that plaintiff owed $44,347 in unpaid use tax. As a result, on a form dated December 10, 1987, the Department notified plaintiff that it owed the Department $44,347 in unpaid use tax, $8,869 in penalty, and $48,239 in interest for that period.

Under protest, plaintiff paid the amount assessed by the Department and filed a complaint alleging that the Department was barred from seeking payment of use tax plus penalty and interest for the period of July 1, 1981, through June 30, 1984, on the ground that the three-year limitations period in effect at the end of the audited period

had expired on July 1, 1987. Plaintiff then moved for summary judgment predicated on the three-year limitations period. The Department, in turn, filed a cross-motion for summary judgment, alleging that the 1984 amendment, effective September 13, 1984, which eliminated the limitations period, governed the Department's action against plaintiff. Therefore, the Department's notice was timely sent. Following hearings on the motions, the trial court granted summary judgment in favor of the Department, finding that the 1984 amendment controlled. Plaintiff's timely appeal followed.

The sole issue on appeal is whether the 1984 amendment to section 5 of the ROTA, which eliminated the limitations period for filing a notice of tax liability, governed the Department's action against plaintiff. During the audited period of July 1, 1981, through June 30, 1984, the limitations period for assessment of Illinois Retailers' Occupation Tax and Illinois Use Tax was three years unless the taxpayer willfully failed to file a return. In the case of willful failure to file, there was no limitations period. Pursuant to the 1984 amendment, effective September 13, 1984, the limitations period was eliminated, regardless of cause.

■■ The long-standing rule in Illinois is that where a limitations period has not expired prior to an amendment, the amendatory act controls all actions and remedies not previously barred. (*Smolen v. Industrial Comm'n* (1926), 324 Ill. 32, 154 N.E. 441; *People v. Rednour* (1969), 43 Ill. 2d 307, 253 N.E.2d 414; *People v. Covington* (1970), 45 Ill. 2d 105, 257 N.E.2d 106.) In *Smolen*, pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*), the Industrial Commission awarded compensation to plaintiff for total disability on April 8, 1921. At that time, paragraph (f) of section 8 of the Act provided that the Commission could review an award for total disability only within 18 months after it was made. Within 18 months after plaintiff's award, paragraph (f) was amended to completely eliminate the limitations period. The supreme court held that because the 18-month limitations period had not expired at the time of the amendment, the amendment governed plaintiff's situation.

Similarly, in *Rednour* and *Covington*, the supreme court addressed the issue as to whether a 1965 amendment to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), which extended from 5 years to 20 years the period within which a post-conviction petition could be filed, applied to a 1961 conviction (*Rednour*) and a 1962 conviction (*Covington*). Prior to the amendment, the period for filing post-conviction petitions would have expired in 1966 and 1967, respectively. The *Rednour* and *Covington* courts held that the

amendment applied to all existing causes of action not yet barred. As a result, because the five-year limitations period for both Rednour and Covington had not expired at the time the statute was amended, the amendment governed each cause of action.

This general rule was reiterated in *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 380 N.E.2d 782, which addressed the issue of whether an amendment extending the limitations period could be applied to revive a cause of action or claim which had been previously barred. In reaching its decision that the amendment could not be applied retroactively to revive a claim, the court distinguished that situation from one where an amendment extending the time for review becomes effective prior to the expiration of the previous limitations period. In the latter situation, the *Arnold* court noted that the general rule provides that where a limitations period has not expired prior to amendment, the amendment controls actions and remedies not previously barred. 72 Ill. 2d at 165. Accord *Francisco v. Tribune Co.* (1985), 137 Ill. App. 3d 119, 484 N.E.2d 435.

■ In the present case, prior to the 1984 amendment, which eliminated the limitations period, section 5 provided for a three-year limitations period within which the Department could file a tax notice. Therefore, a tax notice for the period of July 1, 1981, through June 30, 1984, would have to be filed on or before June 30, 1987. Pursuant to *Smolen* and its progeny, because the 1984 amendment became effective prior to the expiration of the three-year limitations period, the amendment controls the action brought by the Department against plaintiff and the Department's notice was timely sent.

Plaintiff's reliance on *Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 522 N.E.2d 1195, and on *Jefferson Ice Co. v. Johnson* (1985), 139 Ill. App. 3d 626, 487 N.E.2d 1126, for the proposition that this court must look to legislative intent to determine whether the 1984 amendment to section 5 is to be applied retroactively is misplaced. Neither *Rivard* nor *Jefferson Ice Co.* addresses an amendment to a limitations period. As stated, the law regarding retroactive application of amendments to limitations periods which take effect prior to the expiration of the limitations period is well settled in the Department's favor.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

O'CONNOR and MANNING, JJ., concur.