GALLAGHER DRILLING, INC., Plaintiff-Appellee, v. THE DEPART-
MENT OF REVENUE, Defendant-Appellant.

Fourth District   No. 4—91—0782

Opinion filed April 30, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Mark E. Wilson, Assistant Attorney General, of Chicago, of counsel), for appellant.

David T. Lumerman, of St. Louis, Missouri, for appellee.

JUSTICE LUND delivered the opinion of the court:

The Illinois Department of Revenue (Department) appeals from orders of the circuit court of Sangamon County which reversed a decision by the Department denying a claim for credit of use taxes, interest, and penalties to Gallagher Drilling, Inc. (Gallagher).

### FACTS

Gallagher is an Indiana corporation which stored equipment in Illinois. During the relevant periods of time, Gallagher did not file use-tax returns with the Department. In January 1987, the Department audited Gallagher and determined Gallagher owed use taxes, interest, and penalties totalling $74,101 for the period beginning July 1, 1981, and ending in 1986. Subsequently, Gallagher paid the tax, interest, and penalties, but filed a claim for credit. This claim is in the nature

of a claim for refund for the period July 1, 1981, through December 31, 1983. Gallagher contended that a statute of limitations barred the Department from assessing taxes for this period of time. After an administrative hearing, the Department denied the credit, but the circuit court, sitting in administrative review, reversed and ordered the credit.

## ISSUE

Gallagher contends the limitations in section 5 of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1981, ch. 120, par. 444) barred assessment of the tax. The Department contends an amendment to the Act, effective September 13, 1984, was retroactive to at least July 1, 1981, and that there was no effective limitation period. The applicable use tax provisions are incorporated into the provisions of the Act.

## STATUTORY PROVISIONS

Until September 13, 1984, section 5 of the Act provided, in part, as follows:

> "Except in case of *wilful failure or refusal to file a return* when due, or with the consent of the person to whom the notice of tax liability is to be issued, no notice of tax liability shall be issued on and after each July 1 and January 1 covering gross receipts received during any month or period of time more than 3 years prior to such July 1 and January 1, respectively." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 120, par. 444.)

Effective September 13, 1984, the provision was amended (Pub. Act 83–1416, §6, eff. Sept. 13, 1984 (1984 Ill. Laws 2813, 2851)) to provide:

> "Except in case of *failure to file a return,* or with the consent of the person to whom the notice of tax liability is to be issued, no notice of tax liability shall be issued on and after each July 1 and January 1 covering gross receipts received during any month or period of time more than 3 years prior to such July 1 and January 1, respectively." (Emphasis added.) Ill. Rev. Stat., 1985 Supp., ch. 120, par. 444.

The Department does not claim wilful failure or refusal on the part of Gallagher. It claims that the amendment effective September 13, 1984, must be given retroactive effect. If it is not retroactive, then the claim for credit for the period July 1, 1981, through December 31, 1983, should be allowed and the circuit court affirmed.

492

DECISION

The amendment here extended the period of the statute of limitations; cases dealing with the shortening of a statute of limitations are not in point. The exact issue presented in this case was decided in favor of the Department by the decision of the First Appellate District in *Sargent & Lundy v. Sweet* (1990), 207 Ill. App. 3d 888, 566 N.E.2d 482. That opinion stated:

> "The long-standing rule in Illinois is that where a limitations period has not expired prior to an amendment, the amendatory act controls all actions and remedies not previously barred. (*Smolen v. Industrial Comm'n* (1926), 324 Ill. 32, 154 N.E. 441; *People v. Rednour* (1969), 43 Ill. 2d 307, 253 N.E.2d 414; *People v. Covington* (1970), 45 Ill. 2d 105, 257 N.E.2d 106.)" (*Sargent & Lundy*, 207 Ill. App. 3d at 890, 566 N.E.2d at 483, *appeal denied* (1991), 137 Ill. 2d 672, 571 N.E.2d 156.)

The petition for leave to appeal the appellate decision in *Sargent & Lundy* was denied by our supreme court.

We have examined the authorities cited by Gallagher for his argument that *Sargent & Lundy* should not be followed, but have found no reason to disregard the well-reasoned First District Appellate Court opinion. The opinion of the circuit court which was in favor of Gallagher must be reversed, and the decision of the Department denying the credit (refund) is reinstated.

Reversed.

McCULLOUGH and COOK, JJ., concur.