CAHNOVSKY NASHVILLE DENTAL ARTS, INC., *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Fifth District    No. 5—92—0146

Opinion filed May 11, 1994.

David T. Lumerman, of St. Louis, Missouri, for appellants.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and John A. Morrissey, Assistant Attorney General, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Cahnovsky Nashville Dental Arts, Inc., Richard R. Cahnovsky Dental Arts, Inc., Tri-Co. Dental Service, Inc., Cahokia Dental Arts, Inc., and Associated Dental Care, Ltd., appeal from a judgment of the circuit court of St. Clair County in favor of defendant, the Department of Revenue, affirming an administrative decision by defendant assessing Illinois use and service occupation taxes on plaintiffs pursuant to the purchase of supplies and equipment from out-of-State vendors. Because the merchandise was purchased out of State, it was not subject to Illinois retailers occupation tax.

The issue we must decide is whether a 1984 amendment to section 5 of the Retailers Occupation Tax Act (the Act) (see Ill. Rev. Stat., 1984 Supp., ch. 120, par. 444), which eliminated the limitations period for filing a notice of tax liability, governed defendant's actions.

Plaintiffs are a group of dental corporations doing business under common ownership. In 1986, defendant audited plaintiffs and assessed use tax and service occupation tax as follows: F-252774 in the amount of $1,981.34; F-252773 in the amount of $2,648.64; F-252761 in the amount of $583.66; G-268784 in the amount of $1,458.66; and G-266979 in the amount of $1,131.13. Plaintiffs protested the proposed assessments of use tax and service occupation tax. The contested portion of the audit covered July 1981 through June 1985. Plaintiffs did not dispute the factual basis of the audit findings but argued that those assessments were barred by a three-year statute of limitations. After a consolidated hearing on November 10, 1987, defendant upheld the audit recommendations. An administrative decision was issued on September 11, 1989. On October 13, 1989, plaintiffs filed a complaint under the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.* (now 735 ILCS 5/3—101 *et seq.* (West 1992)). On February 5, 1992, the circuit court granted a judgment in favor of defendant. Plaintiffs now appeal.

Until September 13, 1984, section 5 of the Act provided, in pertinent part:

> "Except in case of *wilful failure or refusal to file a return* when due, or with the consent of the person to whom the notice of tax liability is to be issued, no notice of tax liability shall be issued on and after each July 1 and January 1 covering gross receipts received during any month or period of time more than 3 years prior to such July 1 and January 1, respectively." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 120, par. 444.)

Effective September 13, 1984, the statute was amended (Pub. Act 83—1416, § 6, eff. September 13, 1984) to read as follows:

> "Except in case of *failure to file a return*, or with the consent of the person to whom the notice of tax liability is to be issued, no notice of tax liability shall be issued on and after each July 1 and January 1 covering gross receipts received during any month or period of time more than 3 years prior to such July 1 and January 1, respectively." (Emphasis added.) (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 444.)

The evidence presented at the hearing indicated that plaintiffs were not guilty of wilful failure or refusal to file returns. Plaintiffs contend that the three-year period of limitations remained in effect for the period prior to September 13, 1984, so that unless there is a finding of wilfulness for failure to file, plaintiffs cannot be assessed taxes due

more than three years earlier. Defendant contends that the amendment, effective September 13, 1984, eliminating the limitations period, is to be given retroactive effect so that even though there was no wilfulness, plaintiffs are required to pay the taxes as assessed. We agree with defendant.

■ The exact issue presented here was decided in favor of defendant first by our colleagues on the First District Appellate Court in *Sargent & Lundy v. Sweet* (1990), 207 Ill. App. 3d 888, 566 N.E.2d 482, and subsequently by our colleagues in the fourth district in *Gallagher Drilling, Inc. v. Department of Revenue* (1992), 228 Ill. App. 3d 490, 592 N.E.2d 590. In deciding the issue in favor of defendant, the *Sargent & Lundy* court specifically stated:

"The long-standing rule in Illinois is that where a limitations period has not expired prior to an amendment, the amendatory act controls all actions and remedies not previously barred. (*Smolen v. Industrial Comm'n* (1926), 324 Ill. 32, 154 N.E. 441; *People v. Rednour* (1969), 43 Ill. 2d 307, 253 N.E.2d 414; *People v. Covington* (1970), 45 Ill. 2d 105, 257 N.E.2d 106.)" (*Sargent & Lundy*, 207 Ill. App. 3d at 890, 566 N.E.2d at 483.)

After discussing *Smolen*, *Rednour*, and *Covington* in detail, the *Sargent & Lundy* court determined:

"Pursuant to *Smolen* and its progeny, because the 1984 amendment became effective prior to the expiration of the three-year limitations period, the amendment controls the action brought by the Department against plaintiff and the Department's notice was timely sent." *Sargent & Lundy*, 207 Ill. App. 3d at 891, 566 N.E.2d at 484.

■ Plaintiffs urge us not to follow the first and fourth districts. Plaintiffs argue that the time limits regarding assessment of taxes, while technically procedural, are also substantive because they grant or deny jurisdiction. Plaintiffs contend it was not just the time limit that was changed, but the condition limiting the collection remedy available to defendant. Defendant responds that the limitation provision in section 5 was intended as a statute of limitations and not a jurisdictional prerequisite to defendant's actions. Again, we agree with defendant.

Plaintiffs are correct that there is a distinction between statutes of limitation and statutes that both confer jurisdiction on a court and fix a time within which the remedy for a particular wrong may be sought. (See *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.) However, none of the cases cited by plaintiffs address the issue before us—whether an amendment to a limitations period made prior to the expiration of

such period can have retroactive application. Because the limitations period in section 5 never expired in the instant case, we are not faced with a jurisdictional issue.

"As stated, the law regarding retroactive application of amendments to limitation periods which take effect prior to the expiration of the limitations period is well settled in the Department's favor." *Sargent & Lundy*, 207 Ill. App. 3d at 891, 566 N.E.2d at 484.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN and MAAG, JJ., concur.